## JAKE HARLING v. JOHN T. CREECH.

### No. 304.

**1. Chattel Mortgages—Statute Construed.**

Article 3190a, Revised Statutes, provides: "All reservation of title to or property in chattels as security for the purchase money thereof shall be held to be chattel mortgages, and shall, when possession shall be delivered to the vendee, be void as to creditors and bona fide purchasers," unless duly registered. The language is plain, and admits of no other construction. Whenever the transaction assumes that shape, the law gives it the character of a chattel mortgage between the parties, as well as to all others........... 301

**2. Same—Rights of Vendor.**

Under such contract the vendor may resume possession, but as mortgagee, and he can not legally convert it. The vendee has right to any excess upon its sale over the debt and costs ...... .................................. 302

QUESTION CERTIFIED from Court of Civil Appeals for Second District, in an appeal from Callahan County.

*J. E. Thomas,* for appellant.

*B. R. Webb,* for appellee.

BROWN, ASSOCIATE JUSTICE.—The following statement and question are certified to this court by the Court of Civil Appeals for the Second Supreme Judicial District:

"The defendant, Creech, on May 26, 1891, sold and delivered the machine to the plaintiff, partly for a consideration paid at the time, and partly in consideration of two certain promissory notes, one in the sum of $25, due December 24, 1891, and the other in the sum of $20, due August 1, 1892. Each of these notes contained a stipulation, that the 'sewing machine [describing it], for the purchase of which this note is given, is and shall remain the property of John T. Creech until the full payment of the purchase money, principal, interest, and

costs, and that in default of payment, or should John T. Creech at any time deem himself insecure, said machine shall be returned to him or his representative in good order; and in case said machine is not delivered voluntarily, the said John T. Creech, or his authorized representative, shall have the right to enter upon the premises where said machine may be and remove the same without process of law, or without liability on his part to refund any money previously paid on account of said purchase.'

"After the maturity of the first note, but before the maturity of the second ($20 having been paid on the first and nothing on the second), Creech, or his authorized representative, entered the house of the plaintiff during the absence of the latter, and, with the permission of his daughter, some 16 years old, took possession of the machine and removed it to his office at Abilene, leaving with the daughter of the plaintiff the two notes for delivery to him.

"Article 3190a, Revised Statutes, provides as follows: 'All reservation of the title to or property in chattels as security for the purchase money thereof shall be held to be chattel mortgages, and shall, when possession is delivered to the vendee, be void as to creditors and bona fide purchasers, unless such reservation be in writing and registered as required of chattel mortgages; provided that nothing in this act shall be construed to contravene the landlord and tenant's act.'

"Question: Do the instruments above set out constitute, as between the parties thereto, chattel mortgages merely, or do they, as between the parties, authorize the vendor, on failure by the vendee to pay the debt or any part of it as therein provided, to take possession of the property and convert it to his own use?"

The language, "all reservations of title to or property in chattels as a security for the purchase money thereof, shall be held to be chattel mortgages," is plain, and admits of no other construction. Whenever the transaction assumes that shape, the law gives it the character of a chattel mortgage between the parties, as well as to all other persons. The law does not say that the instrument shall be as to creditors and bona fide purchasers a chattel mortgage, but being a mortgage, it is to be held "void as to creditors and bona fide purchasers unless in writing and recorded as chattel mortgages" are required to be. If it is not a mortgage as between the parties, then there is no language in the law which would make it a mortgage as to creditors and purchasers, for its character as to creditors and purchasers depends, under this statute, upon the character it has at its execution.

The statute evinces an intention upon the part of the Legislature to remedy two evils: 1. By this character of instrument, the vendor reserved the arbitrary right to rescind the sale at pleasure, and to divest the purchaser's right without any proceeding, judicial or otherwise, except the exercise of the vendor's will. 2. These contracts were not within the terms of the law requiring registration, and persons who purchased from the vendee without notice were held by our courts to

have acquired no title, because the vendor had none, and all purchasers of personal property are charged with notice of the title of their vendors. To protect the vendee in such a sale from the power of reclaiming the property itself by the vendor, the law declares the transaction to constitute a chattel mortgage, by which the vendee is secured in his rights as mortgagor; that is, the right to redeem the property at any time before sale, by paying the debt, and the further right to have the surplus proceeds of a sale of such property paid to him after paying the debt and costs of sale. Registration was required in order to protect creditors and bona fide purchasers of the property. If the only object had been to protect the latter class, it could have been effected as well by requiring the record of the contract itself without declaring it to be a chattel mortgage, as is the case in some States, for instance Nebraska and Wisconsin. Jones Chat. Mort., secs. 216, 234. In fact, it is the record alone that gives protection to these third parties; but it is the character given to the instrument which affords protection to the vendee.

The instruments being chattel mortgages, the vendor had the rights of a mortgagee under a chattel mortgage containing the stipulations of right to take possession, which would be to take possession of the property if he deemed himself insecure, or the debt not being paid, and to hold or dispose of the property in the character of mortgagee, and not as owner.

We answer the question, that under the law the instruments were chattel mortgages, and by their terms the defendant, Creech, had the right to take possession upon failure to pay or if he deemed himself insecure, but he had no right to convert the property to his own use. It was the property of the plaintiff, subject to the defendant's rights as mortgagee.

Delivered June 10, 1895.