## T. S. HENDERSON v. SUSAN MAHONEY.

Decided March 5, 1903.

**1.—Conditional Sale—Default in Payment—Retaking Possession.**

Where a contract for the sale of a sewing machine stipulated that the title was to remain in the seller until payment in full of the price, and reserved the right to retake possesion on default without resort to the courts, the seller had the right, where default was made in payment, to resume possession of the machine, and was not liable for conversion in so doing.

**2.—Same—Charges for Repair.**

Where repairs are made on a machine at the owner's request, the person making them has the right to retain possession of the machine until payment of the charges.

Appeal from the County Court of Galveston. Tried below before Hon. John W. Campbell.

*Fickett & Brinker* and *John T. Wheeler,* for appellant.

*Marsene Johnson,* for appellee.

GILL, ASSOCIATE JUSTICE.—This was a suit by the appellee for the alleged conversion of a sewing machine, and for damages for loss of earnings sustained by her by reason of its detention, she being a seamstress. In the Justice Court she received a judgment for $65. On appeal by Henderson to the County Court she recovered judgment for $157. Henderson has appealed to this court, and submits for our determination several assignments of error. Appellee has filed no brief.

On the 7th day of February, 1899, appellee purchased of appellant a Wheeler & Wilson sewing machine, promising to pay $65 therefor. Appellant took in exchange therefor an old machine at a valuation of $15, and the balance was to be paid in monthly installments of $2 each. The contract of purchase was in writing. The title to the machine was retained in appellant, and in default in the payment of the balance due or any part thereof the right was reserved in him to resume possession of the machine without resorting to the courts.

The house in which appellee was living was destroyed in the storm of September 8, 1900, and the machine was buried in the mud and debris. It so remained for four weeks, when appellee had it dug out, soaked it in kerosene, and fixed up so it would "work." It soon became useless, when she expended $4 in repairs, but this effort to restore it to usefulness was not effective. In March, 1901, appellant at the request of appellee took charge of the machine and undertook to repair it and return it to her on condition that appellee would continue the payment of the unpaid purchase money. At that time she was heavily in arrears, having paid altogether only $28.50 in addition to the original $15 payment. Appellant repaired the machine, and held it subject to her order, and has always stood ready to deliver it on her compliance with her agreement

and the payment of $6 for repairs. Without further payment, and without offering to pay for the cost of repairs, she brought this suit, and has recovered as stated.

It was shown without contradiction that the machine without these repairs was valueless, and that with the repairs it was worth no more than the cost of repairs. The other facts above stated are undisputed. The appellee has no cause of action for two reasons: First. Under the contract of sale the appellant had the right to resume possession of the machine in case of default, and default was shown. Sewing Machine Co. v. Rios, 96 Texas, 174, 6 Texas Ct. Rep., 293. Second. He had the right to retain the machine until the charges for repairs were paid, and these the appellee has not even offered to pay.

Judgment is reversed, and judgment here rendered for appellant.

*Reversed and rendered.*