### LIPPER et al. v. McCLAIN.   (No. 7787.)

(Court of Civil Appeals of Texas.  Galveston.  April 12, 1920.  On Motion for Rehearing, May 6, 1920.)

1. **Chattel mortgages ⬅162 — Mortgagee on failure to pay installment note may take possession and sell.**

Under mortgage securing installment notes payable each month, and providing that failure to pay any one shall mature all, etc., holder has right, on failure to pay a note at maturity, to take possession of property and hold or dispose of it in character of mortgagee, not of owner, to pay debt, without being liable for conversion.

2. **Chattel mortgages ⬅162—Mortgagee's letter not received until property seized for foreclosure could not effect extension or waiver of mortgagee's right.**

Where mortgagor of automobile did not receive letter from mortgagee demanding payment of overdue installment note until after car had been taken by mortgagee, there was no acceptance of its offer by the mortgagor, who did not act on it to his injury, or part with any consideration for it, to effect a contract of extension of the note, or waiver of right to take possession.

3. **Chattel mortgages ⬅161 — Conversion did not result from failure to foreclose immediately on taking possession.**

Conversion of mortgaged automobile did not result from the mortgagee's failure at once to proceed to foreclosure after taking possession of the car pursuant to the terms of the mortgage on default in payment of a single monthly installment note.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Pleading ⬥⧴36(2)—Mortgagor alleging that mortgagee is without right to foreclose cannot afterwards in same case complain of failure immediately to foreclose.**

A mortgagor, who in his suit against the mortgagee, who has taken possession for foreclosure, asserts the mortgagee no longer had any right of foreclosure, or of possession, cannot in the same litigation complain of the mortgagee's failure to foreclose immediately on taking possession.

### On Motion for Rehearing.

**5. Trial ⬥⧴420—Waiver of defendant's right asserted at close of plaintiff's testimony to complain of submission of cause not shown.**

Where, though defendant mortgagee's formal motion for a peremptory instruction was filed at completion of plaintiff mortgagor's testimony, objection was later repeatedly made by defendant to charge as a whole, and separately to every fact question submitted as tendering irrelevant and immaterial issues, objections which could only have been presented after all evidence had been concluded, no waiver by defendant of his previously asserted right to complain of submission to jury is shown.

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Suit by T. J. McClain against O. M. Lipper and others. From judgment for plaintiff, defendants appeal. Reversed, and judgment rendered for defendants.

Lawrence Sochat and Louis, Campbell & Nicholson, all of Houston, for appellants.

Samuel Schwartz, of Houston, for appellee.

GRAVES, J. Upon a jury's finding as to the amounts, the appellee obtained a $495 judgment against appellant for alleged conversion of an automobile, $225 of it as the value of the car, the remaining $270 as representing the value of its use from the date of the taking to the time of this trial.

The issue over whether appellant's taking of the car amounted to a conversion arose out of these facts:

He held a mortgage for unpaid purchase money on the machine, securing an original aggregate indebtedness of $378, divided into as many amounts, and evidenced by 12 $31.50 notes of the appellee, payable one each successive month until all should be retired, it being specially provided in the mortgage that failure to pay any one of these notes when due should mature all, at the holder's option, in which event the holder should have the right to take immediate possession of the automobile, sell the same at public auction for cash, after giving the requisite notice as in sales under execution, and apply the proceeds in a manner specifically directed. The same right was likewise given in a number of other contingencies, none of which were shown to have become applicable.

On March 13, 1918, at a time when the first 6 of the series of 12 notes had been paid and note No. 7 had been past due for three days from its extended maturity date of March 10th, appellant took possession of the car, which the appellee had been using in the jitney business, and retained the same without further action, that being still the status of the matter on the date of the entry of this judgment, June 12, 1918.

Appellant contends that he had a right to take possession of the car under the express provisions of his mortgage, at least one of the notes then being past due, while the appellee insists that the taking amounted under the circumstances to a conversion for these reasons: (1) The terms of the mortgage did not give the right of possession until the option to declare all unpaid notes due and payable had been exercised, which the undisputed evidence showed had not been done; (2) appellant had waived any such right of possession or foreclosure by having made demand for payment of the past-due note No. 7 after default thereon by appellee; (3) even if the taking was rightful at the time, March 13, 1918, it nevertheless constituted conversion, since the evidence disclosed that possession had not been taken for purposes of foreclosure under the terms of the mortgage, but upon a claim of repurchase of the car in cancellation of the unpaid notes against it, and there had ensued no effort to foreclose up to the time of the trial, making an unreasonable delay.

[1] That under the terms of such a mortgage as this its holder has the right, on failure at maturity to pay any one of the notes it secures, to take possession of the property and hold or dispose of it in the character of a mortgagee, that is, for the purpose of paying the debt, and that without being liable as for conversion, is well settled. Wedig v. San Antonio Brewing Ass'n, 25 Tex. Civ. App. 158, 60 S. W. 567; Singer Mfg. Co. v. Rios, 96 Tex. 174, 71 S. W. 275, 60 L. R. A. 143, 97 Am. St. Rep. 901; Henderson v. Mahoney, 31 Tex. Civ. App. 539, 72 S. W. 1019.

But, as the Supreme Court distinctly says in the Rios Case, as well as in the earlier case of Harling v. Creech, 88 Tex. 300, 31 S. W. 357, this right of possession or dispossession is that of a mortgagee only, and not that of an owner. So that appellant here, unless he lost or waived the undoubted right the terms of his mortgage gave him by not complying with them, or sinned away his day of grace thereunder by an unjustified failure to pursue the only remedy they gave him—that of a foreclosure and public sale of the property—was within his rights in taking possession of the car. Did he, then, lose this right by the course pursued under the circumstances presented? We think not, for these reasons: The terms of the mortgage did not make the right to take possession of

the automobile depend upon a prior exercise by the holder of his option to declare all the notes due and payable, as appellee contends, but conferred it simply on "failure to pay any one of said notes, when the same shall become due and payable," and one of the notes was then admittedly due and unpaid.

Appellee insists, however, that by reason of a letter written and mailed to him by appellant on March 11th, but which he did not in fact receive until March 14th, one day after the seizure of the car had taken place, any right of seizure and sale under the power given in the mortgage had been expressly waived by appellant's therein demanding payment of this past-due note No. 7 after default had occurred thereon, the letter being as follows:

"Houston, Texas, March 11, 1918.

"Mr. T. J. McClain, 1254 Harrisburg Road, City—Dear Sir: Your note amounting to $31.50 and interest which was due on the 1st inst., which we extended to the 10th inst., on the promise that same would * * * taken up promptly on the 10th inst., still remains unpaid.

"If you do not call and pay this amount before 6 o'clock Wednesday, March 13th, we will place same in the hands of our attorney with instructions to foreclose without delay.

"Yours very truly,
"OML/G.	O. M. Lipper."

[2] Appellee testified that he did not receive this letter until March 14th, whereas the automobile had been taken about 4 p. m. the day before. There was therefore no acceptance of the offer it contained by the appellee, nor was he shown either to have acted upon it to his injury, or to have parted with any consideration for it. In these circumstances it could neither amount to a contract of extension of the time of payment of the past-due note, nor a waiver of any right accruing by virtue of its being overdue on March 13th, but is rather to be regarded as a mere ex parte offer, in effect withdrawn by its proponent's action before expiration of the time therein specified. Caskey v. Douglas, 95 S. W. 562; Austin Real Estate Co. v. Bahn, 87 Tex. 582, 29 S. W. 646, 30 S. W. 430. Indeed, we are not sure the action thus threatened should be considered as having any reference to the taking of possession of the car at all, since it does not say so, and the securing of possession and the procedure of foreclosing in the manner evidently intended were not necessarily one and the same thing, but might separately and yet contemporaneously have been intended.

[3] Nor do we think the claim well founded that conversion resulted from appellant's failure to at once proceed, after taking the car, to foreclosure pursuant to the terms of the mortgage. It is true he defended this suit for damages as an alleged consequence of the conversion charged against him partly upon the claim that appellee had agreed with him to turn back the car in cancellation of the indebtedness he held against it, but he also set up and relied upon the terms of his mortgage as entitling him to the possession he had taken, at the same time averring default in the payment of the purchase-money notes; then in his first supplemental answer, he defined his purpose in so taking possession, and limited the relief he sought "so that he may proceed to sell the same in accordance with the terms and provisions contained in said chattel mortgage." This, under the cases already cited, would have been the extent of his rights anyway.

[4] Furthermore, the appellee filed this suit about one week after the car had been so taken, asserting upon all the grounds referred to, and perhaps some not mentioned, that appellant no longer had any right of foreclosure or of possession, and it does not occur to us that this left him in a position at the same time to complain both at what he maintained was wrongfully done, and also at the failure to do what he contended there was no right to do.

We conclude that no conversion was shown, that neither element of the damages allowed was recoverable, but that appellant was entitled to the possession of the car for the purpose of foreclosure and sale pursuant to the terms of the mortgage, and to that alone.

Under these conclusions questions raised affecting the measure of damages become immaterial, and need not be discussed.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent herewith.

Reversed and remanded.

### On Motion for Rehearing.

In their separate motions both litigants have sought a reconsideration of this cause, appellant asking a rendition in his favor and the appellee an affirmance in his.

Appellee apparently concedes that the logic of an adherence to our former conclusions would properly lead to an entry of judgment here for his antagonist, instead of a remand for further hearing below, but very earnestly and ably insists that the question upon which this court's decision rested was not properly before it, and, if it was, that the determination thereof was erroneous.

[5] We conclude that neither of these contentions can prevail. The effect of our first holding was to sustain appellant's claim that his request for an instructed verdict should have been granted by the trial court. Appellee objected originally to a consideration of that matter, and now renews it, upon the assertion that it had been waived, through being presented only upon the termination of plaintiff's evidence below, and not renewed at the close of all the evidence. Such, however, is not the effect of the record, as we view it. True the formal motion for per-

emptory instruction was filed at the completion of the plaintiff's testimony, but the bills of exception show that objection was later repeatedly made to the court's charge as a whole, and separately to every fact question therein submitted to the jury, on the ground that it tendered irrelevant and immaterial issues, in that it appeared from the entire testimony that defendant was legally entitled to the possession of the car under the terms of his mortgage. As prescribed in articles 1971 and 1973, Revised Statutes, these objections could only have been presented after all the evidence had been concluded. In these circumstances it cannot be said that a waiver of a previously asserted right to complain at the submission of the cause to a jury is shown.

On the merits, our original decision of the controlling question presented by the appeal is still thought to be sound. It follows that appellee's motion must be overruled, which is accordingly done.

We also conclude that no basis is left upon which the court below could ascertain any fact or assess any damage, and that this court should proceed to render such judgment as should have been entered there. Appellant's motion for rehearing is therefore granted, and judgment is here rendered in his favor for possession of the automobile, the same to be held and disposed of by him only in accord with the terms of the mortgage, this decree to be without prejudice to any right of action the appellee may hereafter assert for damages growing out of any wrongful delay upon appellant's part in proceeding to a foreclosure, such damages in no event to include the value of the use of the car.

Appellant's motion for rehearing granted, trial court's judgment reversed, and judgment rendered for appellant.