## in re VARNER.

(District Court, E. D. Texas, Tyler Division. March 1, 1924.)

No. 2420.

1. Courts ⬤⇒366(1)—Bankruptcy court should follow decisions of state courts in the interpretation of statutes.

Bankruptcy court should follow the decisions of the state courts in the interpretation and application of state statutes.

2. Bankruptcy ⬤⇒184(1)—Chattel mortgages ⬤⇒186—Instrument held "chattel mortgage," but not void in Texas.

An instrument providing that property delivered would remain the property of the seller until payment of note, and that the buyer would account and pay over to the seller the proceeds from sales of the goods, and that the seller could repossess itself of the property if the buyer did not remit promptly, duly registered in the chattel mortgage records of the county, was a "chattel mortgage" under Rev. St. Tex. art. 5654, but was not such a mortgage or lien as is prohibited by article 3970; and, where buyer went into bankruptcy, the seller was entitled to the goods or their proceeds.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Chattel Mortgage.]

In Bankruptcy. In the matter of the estate of Roy Varner, bankrupt. Claim of the Mayfield Company allowed.

ESTES, District Judge. On January 2, 1923, the Mayfield Company, in consideration of a note for $5,306.46, delivered to the bankrupt herein merchandise and fixtures that had constituted two stocks of goods purchased by that concern at sales had in connection with bankruptcy proceedings. An instrument was also executed at the time which contained recitals to the effect that the property delivered would remain the property of the Mayfield Company until the payment of said note with interest and attorney's fees; that the bankrupt would account and pay over to that company the proceeds from the sales of the goods to the amount of the note and interest; and that the Mayfield Company could repossess itself of the property if the bankrupt did not remit promptly the proceeds of the sales, or if the company should become dissatisfied with the manner in which the goods were being disposed of. There were other provisions relating to the manner in which the business should be conducted and the obligations of the bankrupt with respect to inventories and reports. But the substance of the instrument is that the title to the goods would remain in the Mayfield Company until paid for.

The agreement was duly filed and registered in the chattel mortgage records of Wood county, where the store was conducted, and

the goods were exposed for sale in the name of the bankrupt in the fashion that mercantile establishments are usually conducted.

On November 26, 1923, a voluntary petition in bankruptcy was filed by the purchaser, and during the subsequent proceedings reclamation claims were presented by the Mayfield Company for the recovery of the goods thus sold, and at that time in the possession of the trustee. The goods involved appear to have been capable of identification or separation from other goods that were purchased from time to time in the conduct of the business, and by agreement of the parties concerned were sold by the trustee. The petition now is that the trustee be directed to deliver to the Mayfield Company the proceeds derived from the sale of them.

The referee decided that the instrument referred to constituted a mortgage, and that under the provisions of article 3970 of the Texas statutes such mortgage is void. His argument is that—

The "goods were such as is usually found in a general store and were daily exposed for sale in parcels in the regular course of business, and it is not disputed that a continuance of the possession of said goods and control of said business by sale of the goods by Varner [the bankrupt] was effected."

An appeal from this decision has been made to this court, and the questions certified for review are:

"Did the referee err in holding that the instrument showed sale of the stock of goods, wares and merchandise by Mayfield Company to bankrupt?

"Did the referee err in holding that mortgage on stock of goods, wares, and merchandise, possession delivered to the bankrupt and by him daily exposed for sale, offend article 3970, Revised Civil Statutes of the State of Texas?"

Article 3970 of the Texas statutes provides:

"Every mortgage, deed of trust or other form of lien attempted to be given by the owner of any stock of goods, wares or merchandise daily exposed to sale, in parcels, in the regular course of the business of such merchandise, and contemplating a continuance of the possession of said goods and control of said business, by sale of said goods by said owner, shall be deemed fraudulent and void."

Article 5654 provides:

"All reservation of the title to or property in chattels, as security for the purchase money thereof, shall be held to be chattel mortgages, and shall, when possession is delivered to the vendee, be void as to creditors and bona fide purchasers, unless such reservations be in writing and registered as required of chattel mortgages."

In the case of Bowen v. Wagon Works, 91 Tex. 385, 43 S. W. 872, article 3970 was held to have no application to a transaction where a reservation was made by the vendor of the title to some wagons that were delivered to a dealer in such goods, in consideration of his note and some collateral undertakings, and that were exposed by him for sale. The suit was for the recovery of the wagons by the vendor against a trustee to whom the purchaser had conveyed them, together with the rest of his stock of goods, by a deed of trust or assignment for the benefit of creditors. The very question—that is, whether the transaction was covered by article 3970—was propounded to the Supreme Court, and the answer was that the reservation of title in that case did not constitute "a mortgage, deed of trust, or other

form of lien attempted to be given by the owner," as those words are used in the statute.

This conclusion was reached from a consideration of the history and verbiage of the statute itself and its relation to article 5654, which was subsequently enacted. At the time article 3970 was enacted (1879), and subsequent thereto, the court said such an arrangement would not have been considered a mortgage, and the subsequent legislation (article 5654) enacted in 1885, which declared that reservations of the title to chattels delivered to the vendee shall be held to constitute a mortgage, was not designed to extend the provisions of article 3970 to transactions that were not so considered when article 5654 was passed. In other words, under article 5654, a reservation of title such as was made here is classified as a chattel mortgage, but is not affected by article 3970, because that article refers only to such mortgages as involve an attempt to create a lien on the property, as distinguished from a reservation of the title. Article 3970 has no effect upon mortgages or liens resulting from a reservation of title to secure the purchase money made at the time the goods were sold. Mayfield Co. v. Harlan (Tex. Civ. App.) 184 S. W. 315; Mansur Co. v. Beeman (Tex. Civ. App.) 45 S. W. 729.

This construction is sustained by a consideration of the purposes to be accomplished by the enactment of article 5654.

"The statute evinces an intention upon the part of the Legislature to remedy two evils: 1. By this character of instrument, the vendor reserved the arbitrary right to rescind the sale at pleasure, and to divest the purchaser's right without any proceeding, judicial or otherwise, except the exercise of the vendor's will. 2. These contracts were not within the terms of the law requiring registration, and persons who purchased from the vendee without notice were held by our courts to have acquired no title, because the vendor had none, and all purchasers of personal property are charged with notice of the title of their vendors. To protect the vendee in such a sale from the power of reclaiming the property itself by the vendor, the law declares the transaction to constitute a chattel mortgage, by which the vendee is secured in his rights as mortgagor; that is, the right to redeem the property at any time before sale, by paying the debt, and the further right to have the surplus proceeds of a sale of such property paid to him after paying the debt and costs of sale. Registration was required in order to protect creditors and bona fide purchasers of the property." Harling v. Creech, 88 Tex. 301, 31 S. W. 357.

[1, 2] These decisions seem to me to settle the question contrary to the view of the referee. This court should follow the decisions of the state courts in the interpretation and application of state statutes. Union Bank v. Kansas City Bank, 136 U. S. 235, 10 Sup. Ct. 1013, 34 L. Ed. 341; Etheridge v. Sperry, 139 U. S. 277, 11 Sup. Ct. 565, 35 L. Ed. 171. The Mayfield Company reserved the title to the goods in question and recorded the contract showing such reservation. All creditors were therefore apprised of the situation. The arrangement, under the statute, was a chattel mortgage, but, according to the decisions I have mentioned, was not such a mortgage or lien as is prohibited by article 3970.

My conclusion, therefore, is that the holding of the referee was erroneous, and that the claim presented by the Mayfield Company should be allowed. It is so ordered.