### BETTY v. TUER.   (No. 1488.)

(Court of Civil Appeals of Texas. Beaumont. March 5, 1927. Rehearing Denied March 16, 1927.)

1. **Election of remedies** ⟨⟩15½—**Defense of election of remedies held not available, where not pleaded.**

Defense of election of remedies *held* not available as defense to action on note by holder of mortgage and for foreclosure of chattel mortgage, where not pleaded.

2. **Chattel mortgages** ⟨⟩162—**Provision in chattel mortgage permitting mortgagee to take possession on default did not require that property be sold thereafter.**

Under chattel mortgage giving mortgagee right to take possession of mortgaged property on default, holder of mortgage on taking possession was not required to sell mortgaged property.

3. **Chattel mortgages** ⟨⟩161—**Holder of mortgage, taking possession of mortgaged chattel in accordance with terms of mortgage, held not trespasser.**

When mortgage contained provision giving mortgagee right to take possession of mortgaged chattel on default, holder of mortgage in exercising right was not guilty of trespass.

4. **Chattel mortgages** ⟨⟩283—**Judgment permitting officer to levy on other property of mortgagor in case of inability to find mortgaged property held proper, though holder of mortgage had taken mortgaged property (Vernon's Sayles' Ann. Civ. St. 1914, art. 2000).**

In action to recover balance on note and for foreclosure of chattel mortgage, judgment could provide following Vernon's Sayles' Ann. Civ. St. 1914, art. 2000, that officer might levy on other property of mortgagor in case of inability to find mortgaged truck, though holder of mortgage had taken possession of truck; mortgagor having resort to equity in case of plaintiff's secretion of property.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Error from Liberty County Court; C. R. Wilson, Judge.

Suit by G. Tuer against R. H. Betty. Judgment for plaintiff, and defendant brings error. Affirmed.

J. F. Dabney, of Houston, for plaintiff in error.

P. C. Matthews, of Liberty, for defendant in error.

HIGHTOWER, C. J. For convenience and brevity, the plaintiff in error will be referred to as appellant and defendant in error as appellee. The appellee, Tuer, filed this suit in one of the justice's courts of Liberty county against appellant, Betty, to recover the balance due on a promissory note executed by appellant in favor of the Smith Motor Company for $432, and for foreclosure of a chattel mortgage lien executed by appellant on a certain Chevrolet automobile truck to secure the payment of the note. Appellant answered by general demurrer and general denial, and specially averred that by agreement with appellee he had delivered the truck to appellee in full satisfaction and payment of the balance due on the note, and that his obligation therefor was fully discharged. No other issue was raised by the pleadings. Upon trial in the justice's court, appellee recovered judgment for $137, and for foreclosure of his mortgage lien as prayed. From that judgment appellant prosecuted an appeal to the county court of Liberty county, and upon trial there on the same pleadings, appellee here recovered judgment against appellant for $88.60, and for foreclosure of his mortgage lien on the truck as prayed..

The judgment before us is based upon the following facts: On October 15, 1923, appellant purchased from the Smith Motor Company the truck here involved at the agreed price of $610.89. He paid $178.89 in cash and executed his note for $432, payable in monthly installments of $36 each, and to secure the payment of the note executed a chattel mortgage on the truck. The note and mortgage were transferred and assigned by the Smith Motor Company to appellee. Appellant paid all that was due on the note, except the last two installments, and these he failed to pay. The mortgage contained a provision to the effect that a failure on appellee's part to pay any installment when due should give to the payee or holder of the note the right to declare the whole amount due and also the right to take possession of the truck. The mortgage also provided that the mortgagee might sell the truck at public or private sale and apply the proceeds to the payment of any balance due on the note. The mortgage further provided that the right to sell the truck at private or public sale should be cumulative of and concurrent with any other remedy that the holder of the note and mortgage might have to enforce payment.

The record shows that some time after the two last installments of the note were past due appellee insisted that appellant pay the same, but appellant did not do so, and appellee went to the home of appellant in the town of Liberty one evening when appellant was not present, and took possession of the truck, and left it with the Smith Motor Company. In less than 30 days after taking possession of the truck, appellee filed this suit in the justice's court, praying for judgment for the balance due on the note, and foreclosure of the mortgage on the truck, as above stated.

The case was tried before the county judge without a jury, and findings of facts and conclusions of law were prepared and filed, and constitute a part of this record. The trial court found against appellant's specially pleaded defense to the effect that his obligation on the note had been canceled by his redelivering to appellee the truck in question by agreement of the parties. The court further found that no such agreement was made.

[1, 2] Appellant presents two contentions in this court for reversal of the judgment. The first is, in substance, that, the court having found that there was no agreement between the parties by which appellant's obligation on the note was satisfied by his delivering the truck to appellee, it must be held that appellee took possession of the truck under the terms of the mortgage for the purpose of selling the same at private or public sale, as provided in the mortgage, and that in doing so he elected his remedy under the mortgage, and that, therefore, he could not maintain this suit on the note and for foreclosure of the mortgage. A sufficient answer to this contention would be that no such defense was pleaded by appellant. The defense of election of remedies is one that would have to be specially pleaded before it could be relied upon to defeat the plaintiff's recovery. In the next place, we do not understand that the mortgage provides that appellee could take possession of the truck upon appellant's default for the purpose only of selling the same at private or public sale, but the right given by the mortgage to the appellee to take possession upon appellant's default was not compounded with any obligation on appellee's part to sell the truck at private or public sale. Appellant's construction of the provisions of the mortgage in this connection is not tenable.

[3] Nor can we agree with learned counsel for appellant in his contention that appellant was guilty of a trespass in taking possession of the truck unless he took it in accordance with the claimed agreement that the taking of it should cancel appellant's obligation on the note. Appellee, having the right under the terms of the mortgage to take possession of the truck upon default by appellant in payment of any installment due on the note, could not be guilty of any trespass in exer-

cising such right.   Lipper et al. v. McClain (Tex. Civ. App.) 223 S. W. 349; Witherspoon et al. v. Terry et al. (Tex. Com. App.) 267 S. W. 973.

[4] The judgment in this case provides, among other things, that, in the event the officer executing the court's order of sale of the truck should be unable to find the same, then he should make the judgment by levying upon any property of appellant and the sureties on his appeal bond that he might be able to find.   Appellant contends that this provision of the judgment is erroneous, for the reason that the undisputed proof showed that the truck, at the time of the trial and rendition of the judgment, was in the possession of the Smith Motor Company, where it had been left by appellee, and that, therefore, it was under appellee's control, and the court should not have made the above provision in the judgment.   It appears that the judgment on this point follows exactly the provisions of article 2000, Vernon's Annotated Texas Statutes.   We hold, therefore, that there was no error committed by the trial court, as contended by appellant on this point. If, as seems to be apprehended by appellant, appellee should secrete the truck or attempt to do so, and thereby prevent the officer holding the writ of execution or order of sale from finding the same and selling it under the writ, appellant would doubtless be able to protect himself by proper resort to a court of equity.

What we have said has the effect to dispose of all contentions made by appellant, and, believing that none of them are tenable, it has been ordered that the judgment appealed from be affirmed.