## JOHN E. MORRISS CO. v. O'NEAL.
### No. 12274.

Court of Civil Appeals of Texas. Dallas.

Nov. 6, 1937.

Dallas C. Biggers and Durward D. Mahon, both of Dallas, for appellant.

E. G. Senter and Sarah Cory Menezes, both of Dallas, for appellee.

YOUNG, Justice.

This case arose in the county court of Dallas county at law No. 1, wherein judgment was rendered against appellant, defendant below, and in favor of Joe O'Neal, appellee and plaintiff below, for $95, being damages resulting from an alleged conversion by appellant of a secondhand Chevrolet pick-up truck, of which appellee claimed to be owner.

It appears that said appellee, Joe O'Neal, and George Pappas were partners in a salvage business prior to the filing of this suit June 12, 1934. In September, 1933, appellee made certain preliminary negotiations for the purchase of said truck from appellant's employees at its Oak Cliff place of business, which were consummated by the partner Pappas, the total consideration being around $140, of which about $15 was paid in cash by Pappas, the transfer of an old car of appellee's, valued at about $20; the balance being evidenced by a chattel mortgage note on the truck in question, payable $12 per month. The bill of sale was from appellant to Pappas, as vendee, and the said mortgage recited Pappas as sole owner of the mortgaged truck; he having alone executed the same. The record is not clear whether appellee, O'Neal, was fully cognizant of this mortgage, but the monthly payments were made from partnership funds, and on May 29, 1934, about $16 was admittedly due thereon. About May 1, 1934, Pappas went out of the partnership to engage in the café business, and, as appellee testified, "I was to pay the bills, keep the car and run the business as I saw fit." Pappas testified, in effect, that they dissolved the partnership "in a nice way," because the business would not pay enough for two, but that he never sold his interest in the truck to O'Neal. The latter, however, continued to use said truck in the salvage business. On May 29, 1934, one Meek, a collector for appellant, sought out Pappas in efforts to collect the balance past due on the truck, and Pappas volunteered his assistance in getting possession of same from O'Neal, to be held, presumably, until such defaulted payments were made by Pappas, or for sale under the terms of the mortgage instrument. Following this, the truck was seized under the direction of Pappas and held by appellant until later in June, when it was delivered to a third party at the instance of Pappas, after the mortgage debt was fully paid by him. On the following day, appellee O'Neal went to appellant's place of business and served notice in writing of his ownership of the truck. He there offered to pay the balance due, but testified that he was refused any recognition as owner. Appellee's suit was for the value of the truck, lost profits, and exemplary damages. A remittitur of $16 was allowed, upon motion by appellee, and the judgment appealed from is in the sum of $79.

It is apparent that such recovery was predicated upon the theory in the trial court, that appellee was sole owner of the property in suit and in lawful possession.

The jury findings were, in substance, that appellee, O'Neal, on May 30, 1934, advised appellant he was the owner of the truck in question; that said plaintiff offered to pay the balance due on the mortgage, if defendant would give plaintiff possession of the truck; that defendant's employee in charge of repossession of automobiles, after such offer of payment, refused to deliver the truck to plaintiff, even if payment should be made; that the reasonable market value of the truck at said time in Dallas was $75; and that plaintiff sustained damages in the loss of profits between May 30, 1934, and June 19th thereafter, in the sum of $20.

Appellant's first and second propositions are to the effect that the trial court sustained exceptions to appellee's petition as to special and exemplary damages, leaving the amount in suit below the jurisdiction of the trial court. From the transcript, all demurrers to the first amended original petition (the pleading on which appellee went to trial) were overruled, hence we find no support for these propositions.

Appellant's propositions Nos. 3 to 7, generally, are that: (1) It having indisputably taken possession of the truck under its mortgage, which was in default, and made no claim to the property other than its rights thereunder, and plaintiff having failed to prove ownership or right of possession, the court erred in not directing a verdict in its favor; (2) it was reversible error for the trial court to find, in a jury trial, that plaintiff, O'Neal, was "in lawful possession" of said truck at the time of its seizure by appellant, it being testified by Pappas, the sole mortgagor of the property, that he had not sold the truck in question to said appellee, but was still the owner of same at the time of seizure; and (3) that appellant, mortgagee, having dealt only with the record mortgagor and record owner, and having taken possession of the truck under the terms of the mortgage, then in default, with consent of said

record mortgagor, could not be guilty of a conversion as to appellee, a stranger, based upon said appellee O'Neal's demand for the property, without proof of his right to the same.

Undoubtedly, appellant justifies its actions relative to the truck by the 'mortgage instrument, which, in part, reads: "If default be made in payment of any installment of principal or interest as herein provided * * * this obligation shall be at once due and collectable at the option of holder, and the company or said holder may, without demand or performance remove and sell said chattels at public or private sale with or without notice to the maker hereof or the public, at any place in said State, and credit the proceeds of such sale on this obligation, less the expense of seizing, holding and selling, all costs, charges, expenses and disbursements, and said attorney's fees, rendering the surplus, if any, to me (the mortgagor). The holder of this note shall have the same right as outsiders to purchase at said sale being the highest and best bidder. * * *"

■ It is well settled that a mortgagee may avail himself of the terms and provisions of a mortgage instrument, without being liable for a conversion. Lipper v. McLain (Tex.Civ.App.) 223 S.W. 349, 350, and cases there cited. See, also, Betty v. Tuer (Tex.Civ.App.) 292 S.W. 271, 272. In seizing and selling chattels under a power of sale, however, the mortgagee must not extend the authority given. In a sense he is the trustee for the mortgagor, and his duties are those of a trustee. As well stated in Block Motor Co. v. Melia et al. (Tex.Civ.App.) 247 S.W. 666, "He cannot claim the property as his own and sell it for his own benefit, and then defend under the power of sale given in the mortgage. If he deals with the property as his own and sells it as his own, he is guilty of a conversion."

■ Under this record it is a fact question whether appellant, in removing and disposing of the truck, was operating within the terms of the mortgage instrument, or was simply seizing and holding same by reason of the default in the mortgage debt for purpose of redemption by Pappas only. We glean from the record that a foreclosure suit had been filed in a justice court at the time of the actual seizure, but the removal of the property was effected by appellant's employee, without any character of legal process. It would seem to us that it is the duty of a mortgagee, in proceeding as did appellant in this case, in subjecting mortgaged property to its claim, to make such disposition thereof as would be fair and equitable to the rights of all parties of whose interest it had notice. Appellee O'Neal was sole owner of the truck, if his version of the dissolution agreement is established, or unquestionably a joint owner, under all of the testimony, of such remaining asset of a former partnership.

■ In the trial court, an issue of fact was raised as to the nature of appellee's ownership of the truck, whether sole owner or owning jointly with his former partner, with lawful right of possession; and there was error in failing to present to the jury such fact question.

■ Appellee would lawfully have been possessed of rights as sole owner of the property on the material dates in this record, without statutory bill of sale. Hennessey v. Automobile Owners' Ins. Ass'n (Tex.Com.App.) 282 S.W. 791, 46 A.L.R. 521. His rights, however, following a refusal by another to recognize his ownership and right of redemption could be conceivably different should he possess only a qualified interest in the same. This case must be reversed for determination by the jury of the issues here discussed and, if it should be found by the jury that appellee was merely a joint owner of the truck, as an undivided partnership asset, a different rule of damages, as in conversion, might apply, for instance, the recovery vel non of special damages.

■ In view of another trial, we deem it unnecessary to review further the remaining assignments of appellant and cross-assignments of appellee, except to remark that special damages, if any, for value of the use of the property in question or for so-called loss of net earnings or profits, are recoverable in proper cases, only upon notice of such element of damage following appropriate allegations and proof. Montgomery v. Gallas (Tex.Civ. App.) 225 S.W. 557; Byers v. Shelton (Tex.Civ.App.) 282 S.W. 635; Texas Warehouse Co. v. Imperial Rice Co. (Tex. Civ.App.) 164 S.W. 396, 397; Block Motor Co. v. Melia et al. (Tex.Civ.App.) 247 S.W. 666; Barr v. White (Tex.Civ.App.) 47 S.W.(2d) 910; Universal Credit Co. v. Wyatt (Tex.Civ.App.) 56 S.W.(2d) 487; 42 Tex.Jur., Trover & Conversion, §§ 65–66, pages 582–585.

Reversed and remanded.