W. B. CLINT, RECEIVER OF THE ICE & GIN COMPANY OF HARLINGEN, v. HOUSTON ICE & BREWING COMPANY.

Application No. 8434.   Decided December 22, 1914.

**Receiver—Lien—Public Service Corporation—Cost of Operation.**

The prior lien of a mortgage on the property of a corporation is postponed in favor of the expenses of operating it in the hands of a receiver only in case of public corporations and because it is necessary to operate the plant in the service of the public.   Ellis v. Vernon Ice, Lt. & Water Co., 86 Texas, 109, distinguished in refusing writ of error herein.   (Pp. 508, 509.)

Application for writ of error to the Court of Civil Appeals, Fourth District, in an appeal from Cameron County.

*James B. Wells* and *Harbert Davenport,* for petitioner, cited:   Arts. 2133, 2135, 2136, 2138, 2139, 2140, 2141, 2142, 2143, 2151 and 2152, Rev. Civ. Stats. of Texas, 1911; Ellis v. Vernon Ice, L. & Water Co., 86 Texas, 109; Ellis v. Vernon Ice, L. & Water Co., 4 Texas Civ. App., 66; Randolph v. Farmers L. & T. Co., 91 Texas, 605; I. & G. N. Ry. Co. v. Coolidge, 28 Texas Civ. App., 547; M., K. & T. Ry. Co. v. McFadden Bros., 89 Texas, 143; First Natl. Bk. v. J. I. Campbell Co., 104 Texas, 457; Kampmann v. Sullivan, 26 Texas Civ. App., 308; Howe v. St. Clair, 8 Texas Civ. App., 101; Espuela Land & C. Co. v. Bindle, 11 Texas Civ. App., 262; M., K. & T. Ry. Co. v. Lacy, 13 Texas Civ. App., 391; Byrne v. First National Bank, 20 Texas Civ. App., 194; Ripy v. Redwater Lumber Co., 48 Texas Civ. App., 311; 34 Cyc., 353; Union Trust Co. v. Illinois Midland, 117 U. S., 434; Wallace v. Loomis, 97 U. S., 146; Millinberger v. Railroad Co., 106 U. S., 286; Premier Steel Co. v. McElwaine, 144 Ind., 623; Knickerbocker v. McKindley Coal Co., 172 Ill., 548; Highland Ave. Ry. Co. v. Thornton, 105 Ala., 205; Thornton v. Highland Ave. Ry. Co., 94 Ala., 353; Beckwith v. Carroll, 56 Ala., 12; Friedham v. Crescent Cotton Mill., 64 S. C., 277; People's National Bank v. Virginia Textile Co., 104 Va., 34; Karn v. Rover Iron Co., 86 Va., 754.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

This application for writ of error is refused because it does not appear from the facts stated that the Ice & Gin Company of Harlingen was a public corporation, therefore it was not permissible for the court to

postpone the prior lien of the Houston Ice & Brewing Company to the expenses and costs of the receivership sued out in this case.

We have thought it prudent to make this statement lest our refusal of the writ of error might be understood to overrule Ellis v. Vernon Ice, Lt. & Water Co., 86 Texas, 109, in which this court held that the prior mortgage or lien could be postponed in favor of the expenses of operating a water company upon the ground that a water company was a public corporation because it was necessary to operate the plant for the convenience of the population of a town. There is no conflict in the decision which we make in this case and the case above cited.

*Writ of error refused.*