**RAY–FEATHERSTONE OIL CO. v. PHŒNIX OIL CO. et al.   (No. 11285.)***

(Court of Civil Appeals of Texas. Fort Worth. Dec. 20, 1924. Rehearing Denied Jan. 31, 1925.)

1. **Venue** &#9901;&#8594;32(1)—Right to be sued in county of domicile need not be asserted until suit filed and citation issued.

Right to be sued in county of one's domicile under Rev. St. art. 1830, is valuable right, and before defendant is required to assert it suit must be filed and citation issued and served 10 days before appearance day.

2. **Corporations** &#9901;&#8594;553(3)—Insolvency of corporation held insufficient ground for appointing receiver to collect debt not secured by lien.

Mere insolvency of corporation is not sufficient ground for appointment of receiver under Rev. St. art. 2128, subd. 3, to enforce collection of debt not secured by lien.

3. **Corporations** &#9901;&#8594;561(2)—Appointment of receiver for property in possession and claimed adversely by others than insolvent corporation held not authorized.

Rev. St. art. 2128, subd. 3, does not authorize appointment of receiver for insolvent corporation to take possession of property in possession of others claiming it adversely to corporation, on mere allegation that property has been fraudulently or fictitiously transferred by corporation.

4. **Corporations** &#9901;&#8594;561(1)—Defendants could not be deprived of right to be sued in county of domicile by suit for appointment of receiver for insolvent corporation.

Defendants to whom insolvent corporation fraudulently transfers its property cannot be deprived of their right to be sued in county of their respective domiciles under Rev. St. art. 1830, by suing in another county for appointment of receiver.

5. **Corporations** &#9901;&#8594;553(3)—Legal remedy of creditors of insolvent corporation which fraudulently transferred its property held adequate.

Legal remedy of creditors of insolvent corporation which had fraudulently transferred its property is adequate, since title to such property remains in insolvent, and appointment of receiver should therefore be denied.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

---

Suit by the Phœnix Oil Company and others against the Ray–Featherstone Oil Company. Decree for plaintiffs, and defendant appeals. Reversed.

Bonner, Bonner & Sanford and E. C. DeMontel, all of Wichita Falls, and H. S. Garrett, of Fort Worth, for appellant.

W. M. Short and Karl A. Crowley, both of Fort Worth, H. P. Brelsford, of Eastland, and M. L. Massingill, of Fort Worth, for appellees.

DUNKLIN, J. The Phœnix Oil Company instituted this suit in the district court of Tarrant county to recover a debt alleged to be due it on a contract executed by the Interstate Refineries, Inc., of Delaware, hereinafter called the Delaware Company, and Leon H. Schwald, as guarantor, in favor of plaintiff, upon which there is an alleged balance due of $3,000. The debt claimed was not secured by any character of lien. The maker and guarantor of the written instrument and numerous other parties were made defendants to the suit, including Fred Dickey as receiver of the Delaware Company and also as receiver of the Interstate Refineries, Inc., of Virginia, hereinafter called Virginia Company, also J. C. Haynes, R. S. Hansford, Hansford Salvage Company, and James M. Johnson, trustee, Prairie Pipe Line Company, Prairie Oil & Gas Company, the Ray–Featherstone Oil Company, A. P. Nichols, M. .L. Massingill, receiver, the Clayton Oil & Refining Company, and the Hagaman Refining Corporation.

Plaintiff's original petition was filed on October 7, 1924. That petition was unverified and not signed by any one for the plaintiff. Thereafter, on October 23d, a separate application for the appointment of a receiver, referring in general terms to the original petition, but which was also unverified, was presented to the trial judge, who granted it upon an ex parte hearing without notice to any of the defendants, and appointed F. B. Potter receiver.

On November 7th, plaintiff filed its first amended original petition, which was duly verified; and on November 15th its second amended original petition, which was also duly verified. In the first amended original petition the Texas Pipe Line Company was made defendant for the first time, and in the second amended original petition the Ray–Featherstone Oil Company, A. P. Nichols, and M. L. Massingill, receiver, the Clayton Oil & Refining Company, and Hagaman Refining Corporation were made defendants for the first time.

On November 15, 1924, the date of the filing of the second amended original petition, the court, on an ex parte hearing without notice to any of the defendants, made another order confirming its former order appointing the receiver. On November 21, 1924, the court directed the clerk to issue notices to be served on all parties of record to appear in court on November 26th at 12:30 p. m. to show cause why the order appointing the receiver should not be continued in full force and effect. Notices, issued in compliance with that order, were served on Fred Dickey, receiver of the Delaware Company and the Virginia Company, and A. P. Nichols, on November 24th at 2 :45 p. m. at Kansas City, Mo.; on the Clayton Oil & Refining Company on November 26th in Dallas, Dallas county; and on the Ray–Featherstone Oil Company in Wichita Falls, Wichita county, on November 24th.

On the day set for that hearing, the Ray–Featherstone Oil Company and the Texas Pipe Line Company appeared. The Texas Pipe Line Company pleaded that it was a common carrier and was engaged in transporting oil for any one offering the same, and was not in any manner connected with the controversy between the plaintiff and the Delaware Company, and challenged the jurisdiction of the court to make any order which would interfere with its rights in such matters. The Ray–Featherstone Company filed its plea of privilege to be sued in Wichita county, where its legal domicile was fixed, on any demand asserted against it by either the plaintiff or the receiver appointed by the court. The defendant Nichols did not appear.

Upon that hearing the court again confirmed the order appointing the receiver, but as to the Texas Pipe Line Company modified it . to the extent that that company would have the right to retain out of the oil transported by it as a common carrier its legal charges for such services.

In plaintiff's pleadings as finally amended, it was alleged that prior to the incorporation of the Virginia Company, the Delaware Company was the owner of the following described property: An oil refinery located at Ranger, Eastland county, Tex., of the capacity of 2,000 barrels a day; a six-inch pipe line, about 40,000 feet in length, for transporting oil; several 55,000-barrel oil tanks; water lines; tenement houses; three-eighths interest in a producing oil lease on 127 acres of land in Archer county, Tex., known as the A. P. Nichols tract; and an additional three-sixteenths working interest in the lease and the oil produced therefrom until the production amounted to $15,000 in value, besides various and sundry oil leases in other counties in the state of Texas; also, a large oil refinery in Kansas City, Mo.; filling stations, tank cars, and oil leases in the state of Oklahoma and Kansas.

It was further alleged that by a duly recorded deed of conveyance the Delaware Company had transferred to the Virginia Company all of its assets free of liens or claims of any kind without making any provision for the payment of its debts, amounting to something over $100,000; that said

conveyance was made for the purpose of defrauding the creditors of the Delaware Company; and that the other defendants in the cause were asserting title to all of those assets under claims of conveyances from the Delaware Company, but which claims were fraudulent and fictitious. In other words, according to the allegations of the petition, the Delaware Company is still the legal owner of all the assets so conveyed to the Virginia Company.

Upon the hearing before the court referred to above, on November 26th, evidence was introduced which established beyond controversy the following facts which were alleged in the motions of the Texas Pipe Line Company and the Ray-Featherstone Oil Company to vacate the receivership, which motions were presented upon that hearing: The lease on the 127 acres of land in Archer county was executed by the defendant A. P. Nichols, the fee-simple owner, to the Delaware Company and G. E. Sullivan, Nichols reserving a one-eighth royalty interest in the oil produced from the land. The lessees assigned to the Ray-Featherstone Oil Company an undivided one-half interest in their seven-eighths interest in the oil in consideration of the contract by the Ray-Featherstone Oil Company to develop the lease for oil, and to defray all expenses of drilling the first four wells. The contract further stipulates that the expenses of drilling any additional wells would be borne one half by the Ray-Featherstone Oil Company and the other half by the Delaware Company and Sullivan. Under and by virtue of that contract, the Ray-Featherstone Oil Company drilled eight wells, seven of which are producing oil now at the rate of 350 barrels a day, and the lease is worth $250,000. The Delaware Company and Sullivan failed to pay their pro rata part of the expenses of drilling the four additional wells and are now due the Ray-Featherstone Oil Company the sum of $16,000 as their part of such expenses. The Ray-Featherstone Oil Company has filed a mechanic's lien on the interest of the Delaware Company and Sullivan to secure the payment of that sum, and the lien is still in full force and effect. Prior to the institution of the present suit, A. P. Nichols had instituted a suit in the district court of Archer county, Tex., against the Delaware Company and Sullivan to cancel the oil lease, on the ground of fraud practiced by the lessees to procure its execution. That suit is still pending and undisposed of.

The Ray-Featherstone Oil Company was not threatening to abandon the lease on account of the failure of the Delaware Company and Sullivan to pay what was due by them under the development contract, as alleged in plaintiff's petition. On the contrary, at the time this suit was instituted and at the time the receiver was appointed, it was continuing the production of oil with no intention of abandoning the lease, with ample ability and full intention so to do, and was producing oil from the lease at the rate of 350 barrels per day. The oil produced from the lease was being delivered to the Texas Pipe Line Company, a common carrier, who was storing and transporting the same for the use and benefit of the owners and had no other relation to the lease than that. A. P. Nichols had acquiesced in all of the development work by the Ray-Featherstone Oil Company.

[1] It thus appears that the suit of the plaintiff in this case is based primarily upon an unsecured claim for debt against the Delaware Company alone, and that it is seeking to impound all the assets alleged to belong to that company situated in the state of Texas, by placing the same in the hands of a receiver, and that the court has appointed a receiver and has vested him with that authority. It appears from plaintiff's petition that the Archer county lease and the oil produced therefrom is not in the possession of the Delaware Company or its receiver, but is in possession of the Ray-Featherstone Oil Company and the Texas Pipe Line Company, respectively. While the petition contains no specific allegation to that effect, it inferentially appears from the allegations contained therein that all other assets alleged to belong to the Delaware Company and fraudulently assigned by it are in the hands of different defendants in the suit; and that at least a majority of all the defendants reside or have their domicile in counties other than the one in which this suit was instituted. Under the provisions of article 1830, Rev. Statutes, the right is given to any person to be sued in the county of his residence, barring certain exceptions in that article. That right is a valuable right which the courts will not hesitate to enforce in a proper case, and before a defendant is required to assert it, suit must be filed against him and citation issued and served at least 10 days before the appearance day of the term. The Ray-Featherstone Oil Company has filed a plea of privilege in this suit, claiming that right, and its motion to vacate the receivership was made without prejudice to its right to assert that plea at the proper time.

The order appointing the receiver, and subsequent orders confirming that appointment, each and all authorize and empower the receiver to take charge of all the assets alleged in the petition to belong to the Delaware Company, including all the oil produced from the Archer county tract. The order further specifically requires the Texas Pipe Line Company and the Ray-Featherstone Oil Company to deliver that oil to the receiver subject to the rights of those' parties to assert any interest therein in the court in which the receiver was appointed. The order further enjoins those defendants and all other defendants in the case from in any

manner interfering with or obstructing the receiver in taking charge of and controlling any of the assets mentioned above. In other words, the order is broad and sweeping and vests in the receiver all the powers and authority that can be vested in a receiver in any proper case.

In High on Receivers (2d Ed.) § 399, discussing the rule applicable to the appointment of receivers for judgment creditors, it is said:

"The fundamental principle upon which it rests is the inadequacy of the legal remedy, and the consequent necessity for the aid of equity to supplement the remedy at law."

Again, in section 403, the following discussion of the rule that requires a judgment creditor seeking the appointment of a receiver to show that he has exercised due diligence in the assertion of his rights, the author says:

"Another leading principle, and one of equal importance with that just stated, by which courts of equity are governed in the appointment of receivers in behalf of judgment creditors, is that the plaintiff must have fully and completely exhausted his remedy at law for the collection of his judgment, before he is entitled to the aid of a receiver in equity. And when the bill itself shows that defendant is in possession of property which is subject to levy and sale under execution, and that there is no obstacle or impediment in the way of enforcing the judgment by the usual process at law, no ground is presented for the appointment of a receiver. And when it is apparent that the defendant debtor has such an interest in real estate as may be reached by execution, his title being clear and there being no obstacles in the way of enforcing the judgment by execution, an additional reason for refusing a receiver, and for leaving plaintiff to sell the property under execution, is found in the fact that by this course the defendant will not be deprived of the redemption allowed by law."

In section 406, the following is said:

"Having already shown that the aid of a receiver is only extended in behalf of creditors who have fully exhausted their remedy at law, it follows necessarily that the jurisdiction will not be exercised in favor of mere general creditors, whose rights rest only in contract and are not yet reduced to judgment, and who have acquired no lien upon the property of the debtor. Courts of equity will not permit any interference with the right of the citizen to control his own property, at the suit of creditors who have acquired no lien thereon, and whatever embarrassment the creditor may experience, by reason of the slow procedure of the courts of law, must be remedied by legislative and not by judicial authority."

Carter v. Hightower, 79 Tex. 135, 15 S. W. 223, was a suit by an unsecured creditor to recover a debt, and the appointment of a receiver was prayed for to take charge of the assets of the defendant. The application for the appointment of the receiver was based upon one of the provisions of subdivision 1, art. 2128, Rev. Statutes, which, in part, provides that a receiver may be appointed in a suit "by a creditor to subject any property or fund to his claim." In discussing that statute, the Supreme Court, through Justice Gaines, said:

"But we think this statute, notwithstanding the broad terms in which it is couched, is not to be construed as applying to every case in which a creditor seeks to secure the satisfaction of a debt and in which there is danger that the funds or property belonging to the debtor will be lost or destroyed. Such a construction would allow the appointment of a receiver in an ordinary action at law for the recovery of a debt. We cannot think that the Legislature intended such a radical departure from the old established principles of the common law and from the long settled practice of the courts in our state. * * * We are of opinion it was not the intention by the act under consideration to enable a creditor through the appointment of receiver to place the effects of his debtor, because insolvent, in the hands of the court for the satisfaction of his debt unless he have a lien upon it."

To the same effect is Brenton & McKay v. Peck, 39 Tex. Civ. App. 224, 87 S. W. 898; 34 Cyc. pp. 88, 89; 23 R. C. L. p. 60.

[2, 3] In the present suit plaintiff based its right to have a receiver appointed upon subdivision 3 of article 2128 of the statutes, which provides that a receiver may be appointed "in cases where a corporation has been dissolved, or is insolvent"; it being alleged that the Delaware Company was insolvent. It is well settled by the decisions of this state and of other states that mere insolvency of a corporation does not of itself furnish a sufficient ground for the appointment of a receiver under such a statute. And we think that what was said by Judge Gaines in Carter v. Hightower relative to the provisions of subdivision 1 of the same article, already noted, is applicable also to the provisions of subdivision 3 relied on by plaintiff. Furthermore, we think it clear that that statute has reference only to the appointment of receivers of property in the possession of defendants, under claim of right, and does not contemplate the appointment of a receiver to take charge of property in the possession of other persons claiming title thereto adversely to the defendant. It would be an unreasonable construction of the statute to construe it as authorizing the appointment of a receiver to summarily take charge of property in the possession of adverse claimants, other than the debtor defendant, merely upon allegations that such persons are holding the same under a fraudulent or fictitious transfer by the debtor defendant. That would be to deprive a person of property without due process of law.

In F. & M. Natl. Bank of Waco v. Scott, 19

Tex. Civ. App. 22, 45 S. W.' 26, the following was said by Chief Justice Fisher:

"The jurisdiction of the courts in administering property in the hands of a receiver have in many instances been extended to extravagant lengths; but, upon principle, the court would clearly be lacking in authority to draw to its possession, in administering through a receiver the estate of one person, the property of another, who was in no wise a party to that proceeding. Such a procedure would, in effect, be judicial confiscation, and clearly lacking in any principle of law or justice for its support. In the application for the receiver, and in the order entered appointing the receiver, it only related to and affected the property of the Waco Electric Railway & Light Company, and did not ask for nor include any property belonging to Hobson, or any other party who was not joined in that proceeding.

"If the receiver wrongfully took possession of the property of another, who was not a party to that controversy, and for which a receiver was not asked, he would be regarded in the light of any other trespasser, and the true owner could maintain an action against him to recover possession of the property of which he had been illegally deprived."

In Musgrove v. Gray, 123 Ala. 376, 26 So. 643, 82 Am. St. Rep. 124, the following was said:

"The party in possession who asserts in good faith, color and claim of right is entitled, under the guaranty of due process of law, to his day in court and a trial according to the customary forms of law. We attach no importance to the fact that the petition is sworn to and the answer is not. The real issue being one of law, the petition is to be regarded as mere pleading, as is also the answer. And we do not find that the answer justifies a conclusion that the respondents do not in good faith assert a right to the continued possession of the property. To the contrary, the case presents an effort of the receivers to recover possession of property from persons who are not parties to. the cause and who in good faith deny the receivers' right to the possession, by a summary writ. The writ should not have been awarded. The receivers should be put to their action. Beach on Receivers, § 216; Parker v. Browning, 8 Paige, 388; 20 Am. & Eng. Ency. Law, 134. The order awarding the writ of assistance is reversed and annulled, and an order will be here entered denying the writ and dismissing the petition. Reversed and rendered."

The following is taken from Alderson on Receivers, § 193:

"While one has obtained possession of property, under color of title, which the receiver claims as belonging to the defendant, the rule is that the court which appointed the receiver will not undertake to determine the rights of such a claimant upon a motion to compel him to deliver over the property, but will oblige the receiver to have recourse to an action at law to recover possession. The court will, in general, entertain such an application, on motion supported by affidavits, only where it clearly appears that the adverse possession began subsequently to the commencement of the action, and is, therefore, subject to the decree, or order, which has been made; or where the person holding the property has no legal right; and, as a rule, wherever the testimony is conflicting, and there is a reasonable ground for difference of opinion as to which is entitled to possession of the property the court will not assume to try the title by hearing a motion for a writ of assistance."

[4] The defendants in the present suit other than the Delaware Company cannot be deprived of their lawful right to be sued in the county of their respective domiciles by this indirect method of compelling them to assert their defenses in the plaintiff's suit which was instituted in another county. See Hill v. Brown, 237 S. W. 252, by the Commission of Appeals.

[5] According to allegations in plaintiff's petition, the Delaware Company is not only insolvent, but it owns no property whatsoever and has none in its possession, and the only property for which the receiver was appointed and which he was authorized to take possession of consists of assets now claimed by other defendants and in their possession. If the allegations in the petition that those assets have been fraudulently transferred and title thereto still remains in the Delaware company, then plaintiff has his legal remedy to reach the same by writs of attachment or garnishment before it recovers a judgment against the Delaware Company, and by levy of execution after judgment is recovered for the debt sued for. In other words, it appears from allegations in the petition that plaintiff has an adequate legal remedy to collect its debt without resort to the equitable remedy of a receivership.

Upon the whole, we conclude that the court erred in appointing the receiver in the present suit, and the order appointing the receiver and all subsequent orders made confirming such appointment are reversed, and the receivership is vacated in its entirety. And this order will be certified to the trial court for observance. All costs of the suit in this court and in the trial court are assessed against appellee, the Phœnix Oil Company.