**SCARBOROUGH et al. v. CONNELL.**

No. 1452.

Court of Civil Appeals of Texas. Eastland.
May 17, 1935.

Rehearing Denied June 14, 1935.

Scarborough & Ely and Edmund C. Yates, all of Abilene, for appellants.

Billingsley & Billingsley, of Fort Worth, for appellee.

HICKMAN, Chief Justice.

In July, 1932, Judge W. J. Oxford, of Erath county, filed a suit in the district court of that county against H. H. Hardin and B. W. Searcy upon a promissory note executed by Hardin to him in the principal sum of $47,000, and for the foreclosure of a deed of trust lien upon certain real estate situated in Cameron county. The petition alleged that Hardin was the owner of much real estate and personal property situated in many counties in this state, and some without the borders of the state. Among the assets of Hardin were a number of lumber yards scattered over Texas operated on lots owned by him. Included in this number was a yard operated on lots 1 and 2, block 54, city of Abilene. A further allegation was that Hardin was heavily indebted to divers and sundry creditors; that suits had been filed and others threatened; that his property could not be sold at that time for a sum sufficient to pay his indebtedness, and, unless a receiver was appointed, the property would be sacrificed and his creditors, including plaintiff, would suffer a loss. The only security alleged for the payment of the note owned by Judge Oxford was a lien upon certain real estate in Cameron county. On the same day the suit was filed the trial judge entered an order appointing W. E. Connell receiver of all the property of the defendant Hardin, with authority to take possession of and manage the same.

In September, 1932, James Shaw, as banking commissioner of the state of Texas, was awarded a judgment in one of the district courts of Taylor county against

Hardin, his receiver, Connell, and other persons not necessary here to name, foreclosing a deed of trust lien upon the Abilene lots above described, and a personal judgment against Hardin in a sum in excess of $5,000 in satisfaction of which the Abilene property was ordered to be sold. The validity of that judgment is admitted by appellee. Later an order of sale was issued, under which the sheriff made a levy and issued notices of sale. Before the date on which this property was advertised to be sold, W. E. Connell, receiver, filed a petition in the district court of Erath county seeking to have the sale enjoined, and the district judge entered an order directing the clerk of his court to issue "a temporary restraining order operative until and pending until the hearing below ordered, restraining the defendants, and each of them, from selling, or attempting to sell, at sheriff's sale" the lots above described. No hearing was "below ordered." It, therefore, appears that, while the writ was stated to be a restraining order, still it was not limited as to time, and must, therefore, be classified as a temporary injunction. Houston Ice & Brewing Co. v. Clint (Tex. Civ. App.) 159 S. W. 409.

In March, 1934, E. C. Brand, the successor in office of James Shaw, banking commissioner, transferred the judgment of foreclosure obtained in Taylor county to appellants Dallas Scarborough and W. R. Ely. Thereafter, in September, 1934, appellants filed in the district court of Erath county an application in which they sought the following relief: (1) That the injunction be dissolved, and the proper officer of Taylor county be permitted to proceed with the sale of the Abilene lots under the foreclosure judgment; (2) in the alternative, that the receiver be directed to proceed to carry out the Taylor county judgment; that said property be advertised for sale by him and be sold; that a report thereof be returned into the court; and that said sale be confirmed; (3) in the further alternative, certain equitable relief was prayed for not deemed necessary here to detail. The court entered an order after a hearing in all things denying the relief prayed for, and the appeal is from that order.

◼◼ Appellants admit that it is a sound proposition of law, as recently held by this court in Glenn, Receiver, v. Connell, Receiver, 74 S.W.(2d) 451, that real property which is in custodia legis under re-

ceivership in the district court of one county is not subject to complete foreclosure and sale under a judgment of the district court of another county without the permission and authority of the court in which the receivership is pending. The question, thus narrowed down, is whether permission or authority should have been granted by the district court of Erath county to sell the Abilene lots in the instant proceeding. The correct procedure is: "* * * Such judgment establishing the debt and lien must be certified to the court in which the receivership is pending, to be disposed of by that court in the same manner that it would dispose of such a judgment if it had been rendered by that court itself." Kirby v. Dilworth & Marshall (Tex. Com. App.) 260 S. W. 152, 156.

◼ We are not in accord with the view of appellee that this procedure has not been complied with in the instant case. The claim is that appellants' application was not filed in the receivership proceeding, but was filed in the injunction proceeding, which was an independent suit bearing a different number on the docket of the court from that of the receivership proceeding. The injunction proceeding grew out of, and was incident to the receivership proceeding, and the circumstance that it bears a different docket number from that proceeding does not operate to render it an independent suit. Contrary to appellee's contention, it is our view that the injunction proceeding was the proper one in which to seek this relief. The effect of granting the relief prayed for would be to dissolve the injunction, and that should properly be done in the proceeding in which it was granted. In this conclusion we are supported by Houston Ice & Brewing Co. v. Clint, supra, in which a writ of error was refused in a written opinion in Clint v. Houston Ice & Brewing Co., 106 Tex. 508, 169 S. W. 411.

◼ Having concluded that the jurisdiction of the court was properly invoked to grant the relief sought in the application, it remains to be determined whether the court erred in refusing to grant it. It is error for a court to appoint a general receiver of all the property of an individual at a suit of a simple contract creditor of such individual, or at the suit of a creditor having a lien on only one of several pieces of property owned by such individual. Carter v. Hightower, 79 Tex. 135, 15 S. W. 223; Cahn v. Johnson, 12 Tex. Civ.

App. 304, 33 S. W. 1000; New Birmingham Iron & Land Co. v. Blevens, 12 Tex. Civ. App. 410, 34¹ S. W. 828; Waples-Platter Co. v. Mitchell, 12 Tex. Civ. App. 90, 35 S. W. 200; Shannon v. Harper (Tex. Civ. App.) 22 S.W.(2d) 336; Tunnell v. Johnson (Tex. Civ. App.) 209 S. W. 451; Ray-Featherstone Oil Co. v. Phoenix Oil Co. (Tex. Civ. App.) 268 S. W. 1032; Maxwell v. McDaniels (C. C. A.) 184 F. 311; In re Richardson's Estate (D. C.) 294 F. 349.

■ The plaintiff in the original receivership suit had no character of lien on the lots here involved, and it was error to include them with the property of which the receiver was appointed. To come into the court appointing the receiver with an application for permission to sell these lots under foreclosure proceedings does not put into issue the determination of the question of whether the judgment appointing the receiver was absolutely void, or merely erroneous and voidable. But the fact that it was error to appoint a receiver of this particular property is an all sufficient reason why permission should now be granted to complete the foreclosure of appellants' lien by a sale under their judgment. This is true irrespective of whether the original judgment appointing the receiver is void or merely voidable.

■ For other reasons, we think the application should have been granted. Neither appellants nor their predecessors in interest were parties to the receivership proceeding, nor did they in any manner cause the appointment to be made. Nearly three years have passed since the receiver was appointed, and more than two years since the injunction was issued. During this time the receiver has used these lots as a site upon which he has operated a lumber yard business in which appellants have no interest. It is conceivable that the estate might profit by the continued use of these lots, and there is a possibility that they may increase in value, but these considerations should not operate to postpone indefinitely appellants' right to realize upon their security. Appellants do not owe the duty of sacrificing their legal right of foreclosure for the possible benefit of other creditors. Clow Gasteam Heating Co. v. Hixson (Tex. Civ. App.) 67 S.W.(2d) 619; Continental Trust Co. v. Brown (Tex. Civ. App.) 179 S. W. 939; Commonwealth Bank & Trust Co. v. MacDonell

(Tex. Civ. App.) 49 S.W.(2d) 525; Gay v. Hudson River Electric Power Co. (C. C. A.) 184 F. 689; MacGregor v. Johnson-Cowdin-Emmerich (C. C. A.) 31 F.(2d) 270; Houston Ice & Brewing Co. v. Clint, supra; 53 C. J. p. 102.

The injunction will be dissolved, and an order here entered directed to the district clerk and sheriff of Taylor county, commanding the former to issue an alias order of sale on the judgment theretofore rendered by the court of which he is clerk, and the latter to sell the property in controversy after due and legal advertisement, applying the proceeds of such sale first to the judgment, interest, and costs of the Taylor county suit, and the balance to W. E. Connell, receiver, to be by him expended under the orders of the district court of Erath county.

Reversed and rendered.