### Singer Sewing Machine Company v. Frank Rios.

No. 1164. Decided January 8, 1903.

**Contract—Public Policy—Chattel Mortgage—Taking Possession on Default.**

A provision in a chattel mortgage that the mortgagee may enter mortgagor's premises and take possesion of the property on default in payment, is valid, and constitutes a defense against an action for trespass in so taking possession, if it was done peaceably, though without consent then given. (Pp. 176-179.)

Question certified from the Court of Civil Appeals for the Third District, in an appeal from Travis County.

*Faulk & Patterson,* for appellant.—Persons who are legally capable of contracting have the right to and can make their contracts as narrow or as broad as they choose so long as they do not violate any rule of law or public policy. Leland v. Collver, 34 Mich., 418; Geiser Mfg. Co. v. Krogman, 111 Iowa, 503; White Sewing Machine Co. v. Conner, 64 S. W. Rep., 841.

A party who has the right to possession of property by the express terms of a contract upon the happening of a certain event named in the contract, is not required to resort to the courts for the purpose of securing or obtaining possession of the property so long as he can exercise his right to take possession of it without commiting a breach of the peace or violating some criminal law; that is, he is not required to resort to the courts to secure or obtain possession of the property so long as he can take peaceable possession of it; especially is this true in cases of mortgages containing a power of sale. White Sewing Machine Co. v. Conner, 64 S. W. Rep., 841; Walsh v. Taylor, 39 Md., 595; Street v. Sinclair, 71 Ala., 110; Burns v. Campbell, 71 Ala., 271; Brown v. Phillips, 66 Ky., 656; Boone on Chattel Mort., sec. 276, p. 396; Jones on Chattel Mort., sec. 434, p. 448.

The clause in the chattel mortgage under consideration in this case, authorizing and empowering the defendant to take possession in the capacity of mortgagee of the mortgaged property upon failure of plaintiff to pay the unpaid purchase money when due, and to sell the same at public or private sale, is a valid contract stipulation which formed

an essential part of the consideration of the mortgage, and which the parties to the mortgage had the legal right and power to insert in the mortgage. Wedig v. San Antonio Brewing Assn., 25 Texas Civ. App., 158; Harling v. Creech, 88 Texas, 300; White Sew. Mach. Co. v. Conner, 64 S. W. Rep., 841; Andrews v. Singer Mfg. Co., 48 S. W. Rep., 976; North v. Williams, 120 Pa. St. 109; Walsh v. Taylor, 39 Md., 595; Heath v. Randall, 4 Cush., 195; Street v. Sinclair, 71 Ala., 110; Burns v. Campbell, 71 Ala., 271; Scott v. Davis, 4 Kan. App., 488; Flinn v. Ferry, 127 Cal., 648; Landenberger v. Rector, 59 Ill. App., 550; Baumann v. Cornez, 15 Daly, 450; McNeal v. Emerson, 15 Gray, 384; Geiser Mfg. Co. v. Krogman, 111 Iowa, 503.

The plaintiff having expressly agreed in the mortgage that the defendant should have the right to take possession of the mortgaged property upon his failure to pay the unpaid purchase money when due, it was not necessary for the defendant to obtain plaintiff's consent, and defendant had the right to take peaceable possession of the mortgaged property without obtaining plaintiff's consent to do so at the time it took possession, for plaintiff could not revoke or withdraw the consent given by him in the mortgage, and he is estopped by the terms of the mortgage from saying that the defendant did not have his permission to take peaceable possession of the mortgaged property at the time it took possession of it. White Sew. Mach. Co. v. Conner, 64 S. W. Rep., 841; Walsh v. Taylor, 39 Md., 595; Francisco v. Ryan, 54 Ohio St., 307; Street v. Sinclair, 71 Ala., 110; NcNeal v. Emerson, 15 Gray, 384; Braley v. Byrnes, 21 Minn., 482; Boone on Chattel Mort., sec. 276; Johnson v. Byler, 38 Texas, 606; Heirs of Corzine v. Williams, 85 Texas, 499; Trimble v. State, 4 Blackf., 435; Stow v. Wyse, 7 Conn., 214; Mallett v. Page, 8 Ind., 364; Marble v. Mayer, 78 Ga., 710.

Defendant having done nothing more in taking possession of the sewing machine than it was authorized and empowered to do in and had a right to do under the terms of the mortgage contract, that is, to take peaceable possession of the sewing machine upon failure of plaintiff to pay the unpaid purchase money when due, it is not liable to plaintiff in damages for exercising its legal contract right. Mex. Nat. C. Co. v. Meddlegge, 75 Texas, 634; Bryant v. Burge, 3 White & W. C. C., sec. 371; Radcliff v. Mayor, 4 Comst., 196; Mulliner v. Sumake, 55 S. W. Rep., 983; Wedig v. San Antonio Brewing Assn., 25 Texas Civ. App., 158; Jones on Chattel Mort., sec. 434.

*Brooks & Shelley,* for appellee.—The trial court did not err in sustaining the special exceptions of appellee (plaintiff in the court below) complained of in appellant's first and second assignments of error. Rev. Stats., art. 3327; Loftus v. Maxey, 73 Texas, 242; Gillette v. Moody, 54 S. W. Rep., 35; Culver v. State, 62 S. W. Rep., 922.

If the court did err in sustaining said special exceptions, such error was harmless, because the mortgage in question was admitted in evidence, as was also all testimony offered by appellant tending to show

consent of appellee to the taking of the machine by appellant's agents. Also the general charge of the court below instructing the jury that appellee could not recover if the machine was taken with his consent.

GAINES, Chief Justice.—This case comes to us upon the following certificate:

"The Court of Civil Appeals of the Third Supreme Judicial District of Texas certifies that the above styled and numbered cause, on appeal from the County Court of Travis County, Texas, is now pending in the Court of Civil Appeals; and states that the appellee's cause of action is for damages alleged to have been sustained by reason of the defendant's agent entering the place of business of plaintiff, in the city of Austin, and there and then taking possession of a certain sewing machine, which defendant had sold to the plaintiff on the installment plan. The damages alleged are $65, the value of the machine; that his business as a merchant tailor has been interfered with and obstructed, and that he has been deprived of the use of the machine, and that on account of being deprived of the same, the work done by him has been greatly decreased; with amount of actual damages alleged to be $250, with also a claim for exemplary damages at $200.

"Among other facts pleaded in the defendant's answer, there are averments to the effect that the sewing machine was sold to the plaintiff on the installment plan; and that there was then due on the same a certain amount, which was unpaid, and that at the time of sale a mortgage was retained on the machine to secure the amount that may become due; and that there was a stipulation in the mortgage which authorized the defendant to take possession of the sewing machine, either with or without process of law; that the plaintiff had failed and refused to pay the unpaid purchase money when due, and that the machine was taken quietly and peaceably, without the use of force, by virtue of this stipulation in the mortgage, which is as follows: 'If said mortgagor shall fail to pay any installment as it becomes due, then all said installments unpaid shall at once become due and payable, and said mortgagee or its representatives shall have the right, and is hereby authorized and empowered, to take possession of said goods and chattels, with or without process of law, said mortgagor hereby waiving any claim or action for trespass or damage on account of said taking.'

"It is contended by the defendant that under this provision in the mortgage it took the machine, and that it was authorized to take the same, and this fact was pleaded as a defense to the plaintiff's cause of action.

"The trial court sustained a demurrer to so much of the defendant's answer as sought to justify the taking by virtue of the above provision in the mortgage; but submitted to the jury the issue as to whether or not the machine was taken from the possession of the plaintiff by and with the consent of the plaintiff; and if such was the case, to find in favor of the defendant.

"The defendant upon the trial of the case asked a charge, which was by the court refused, presenting to the jury the issue as pleaded, that the defendant had authority to take possession of the machine by virtue of the agreement contained in the mortgage, as above set out.

"There is evidence in the record which shows that the machine was taken from the building occupied by the plaintiff as a tailor shop without his consent and against the express wishes of the party in whose possession it was at the time it was taken; that the machine was then in use by the plaintiff in his business as a tailor. And there is also evidence which tends to show that the defendant in taking the machine used no force or violence, and no breach of the peace was committed at that time. It also appears as a fact that at the time the machine was taken there was a balance due the defendant as a part of the purchase price of the machine. It is also pleaded, and there is evidence to sustain the averments, that the machine was taken by the defendant for the purpose of enforcing the provision of its mortgage and lien on the machine.

"Verdict and judgment in the trial court were in favor of the plaintiff on all of the items of damages claimed, with a credit in favor of the defendant for the balance due upon the machine, and for the balance remaining, judgment was rendered in plaintiff's favor.

"Under the above statement, the Court of Civil Appeals for the Third Supreme Judicial District of Texas certifies to the Supreme Court of Texas the following question:

"Although the taking of the machine at the time was without the consent of the plaintiff, did the stipulation contained in the mortgage, as above quoted, authorize the defendant to enter the place of business of the plaintiff and take actual possession of the machine, without then and there first obtaining the permission and consent of the plaintiff? In other words, did the consent given in the provision of the mortgage quoted authorize the taking, where it is, as here, shown by the facts that no force or violence or breach of the peace was committed in taking the machine? And if such taking was justifiable under the terms of the mortgage as quoted, would such fact be a defense, either in whole or in part, to the plaintiff's cause of action?"

We are of the opinion that the question should be answered in the affirmative. Clearly, unless the stipulation in the mortgage which purported to give the appellant the right to take possession of the sewing machine upon default of payment be held of no effect, its agent committed no wrong by a peaceable seizure of the property for the purpose of paying the debt. The stipulation is valid, unless it is contrary to public policy. According to the well known dictum of an English judge, public policy "is a very unruly horse, and when you once get astride it, you never know where it will carry you." Richardson v. Mellish, 2 Bing., 229. This striking illustration admonishes us, that the terms "public policy" are vague in meaning and dangerous of appli-

cation, and that unless we exercise due discrimination, we are likely to fall into error when we come to apply them to the construction of a contract with a view to determine the validity of its provisions. Freedom of contract is the rule, subject to the exception, that a party can not bind himself to do that which is by law prohibited, or declared to be illegal, or which is manifestly detrimental to public morals or the public good. The question then arises, what consequence injurious to the public is a stipulation of the character of that under consideration calculated to produce? To this it may be vaguely answered, that it tends to a breach of the peace. But the reply is,—so do many other contracts the validity of which are never called in question. Certainly no breach of the peace is likely to occur provided the mortgagor in such case does what he has contracted to do and what it is his duty to do, namely, in case of default to surrender the property upon demand of the mortgagee. On the other hand, should he make forcible resistance, this does not justify the mortgagor in using force to overcome his resistance. The law hardly proceeds upon the assumption that either party will violate his agreement, and that therefore a breach of the peace may arise.

The proposition that such a stipulation is valid, and that the mortgagee may take peaceable possession of the property without the consent and even over the protest of the mortgagor, is sustained by the great weight of authority. The following cases are in point: Street v. Sinclair, 71 Ala., 110; Burns v. Campbell, 71 Ala., 271; Walsh v. Taylor, 39 Md., 591; North v. Williams, 120 Pa. St., 109; White Sew. Mach. Co. v. Connor, 64 S. W. Rep., 841; Heath v. Randall, 4 Cush., 195; Satterwhite v. Kennedy, 3 Strob. (S. C.), 457; Nichols v. Webster, 1 Chand. (Wis.), 203. Such is the rule recognized by the text writters. Jones on Chattel Mort., sec. 434; 1 Cobby on Chattel Mort., sec. 510; Pingrey on Chattel Mort., sec. 989; Boone on Mort., sec. 276.

The authorities relied upon in support of the proposition that the stipulation in question did not justify the taking of the property against the consent of the mortgagor, are from our own courts. The first is Loftus v. Maxey, 73 Texas, 242. As to the evidence adduced upon the trial, the case is meagerly reported. The petition charged, that in connection with the taking the defendants threatened the plaintiff with violence and committed an assault upon her. How these allegations were sustained by the proof the report does not disclose. The court charged the jury that if the property was taken without the consent of the plaintiff, and "if the manner of defendants, or either of them, in the taking was by threats, or in an insolent, overbearing and insulting manner, done in such a way as would naturally outrage the feelings of plaintiff," then they should find for plaintiff. It was held that this charge was correct. In the opinion, the court say: "We think the charge of the court to the effect that if the instrument alleged to have been executed by Salie Maxey was genuine, as asserted

by defendants, it furnished no justification or defense for the defendants, is correct. Without such an instrument they had the right to remove the property peaceably and with the consent of the parties having it in lawful possession, while with it they had no right to make such removal forcibly or against the will of plaintiffs." We think in so far as the opinion asserts that a peaceable taking against the will of the mortgagor was wrongful, it is clearly a dictum. The petition alleged the taking of the property, but did not state its value; and we understand the suit was to recover damages for an assault and other insulting conduct. Judging by the report of the case the question of the right to take the property peaceably without the consent of the plaintiff was not discussed in the briefs of counsel upon either side; and as we think, was a point not necessarily involved in the determination of the suit.

In Gillette v. Moody, 54 S. W. Rep., 35, the Court of Civil Appeals for the Fourth District held, that under a similar provision in a chattel mortgage it was unlawful to enter a house by force and threats for the purpose of taking and carrying away the mortgaged property. That is not the question certified in this case.

The case of Culver v. State, 62 S. W. Rep., 922, was a conviction for an aggravated assault in which the Court of Criminal Appeals held, that the fact that the assault was made in an attempt by the defendant to take mortgaged property under a like stipulation in a chattel mortgage was not a justification of the act. What is said in the opinion, to the effect that the defendant had no right to take the property without the consent of the assaulted party, was not involved in the decision of the case. Clearly the right to take the property did not justify the assault.

So far we have not adverted to the case Harling v. Creech, 88 Texas, 300. In that case in answering a certified question, this court, after construing the instrument in controversy to be a chattel mortgage, said: "The instruments being chattel mortgages, the vendor had the rights of a mortgagee under a chattel mortgage containing the stipulations of right to take possession, which would be to take possession of the property if he deemed himself insecure, or the debt not being paid, and to hold or dispose of the property in the character of mortgagee, and not as owner." It is claimed by counsel for appellee that this was a dictum. Without pausing to inquire whether the remark was called for in a decision of the question there certified, we deem it sufficient to say, that if a dictum, it is in our opinion a correct announcement of the law.