### BUTLER MOTOR CO. v. NEIMEYER.
### No. 12753.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 7, 1933.

Wheat & Wheat, of Seymour, for appellant.

L. C. Counts, of Olney, for appellee.

LATTIMORE, Justice.

This cause is an appeal from the order of the trial court denying appellant the privilege to be sued in Baylor county, its residence. Appellee alleges a trespass committed in Archer county by appellant wrongfully seizing appellee's automobile.

Appellant sold appellee an automobile, receiving some cash and a note secured by a mortgage on said automobile. This note and mortgage appellant sold with his indorsement to the Universal Credit Company and appellee made several payments to that company. Appellee defaulted some of his payments and all unpaid balance was due in July, 1931, at which time appellee claimed he made an oral arrangement with appellant that he (appellee) would pay $50 in August and $75 in September on the note, and that appellant "would carry it four or five months." These payments were made by appellee direct to the Universal Credit Company. On October 6, 1931, appellant Butler, acting on instructions from and as agent for the Universal Credit Company, sent Garlington to the home of appellee, who, appellee being absent, on the instructions of appellee's father, took the car, which was in charge of appellee's wife, who delivered the keys to Garlington.

The mortgage gave by its terms to the owner thereof the right to take possession of the car upon any default in payments of any of the installments of this note. This is a valid power. Singer Mfg. Co. v. Rios, 96 Tex. 174, 71 S. W. 275, 60 L. R. A. 143, 97 Am. St. Rep. 901. The appellee relies on his oral agreement with appellant. At that time Butler did not own the note and appellee knew that he did not, and no attempt is made to show that Butler had any authority from the Universal Credit Company to make any such agreement.

The Universal Credit Company, long prior to October 6th and after the $75 payment, advised appellee that "the balance on his note was due." It had a right to send its agent, even though it be Butler's employee Garlington, to get the car in such manner as the evidence shows it was gotten.

It is thus apparent that as far as the holder of the note and mortgage and Butler as his agent are concerned, there was no wrongful taking of the car.

Whether there be an action against Butler for breach of his personal agreement is not before us; but if there be such action, it is at Butler's residence.

The judgment of the trial court is reversed, and the cause remanded, with instructions that the cause be transferred to Baylor county.