## FRANKFURT v. GRAYSON.
### No. 1406.

Court of Civil Appeals of Texas. Eastland.
March 1, 1935.

John J. Fagan, of Dallas, for appellant.

Geppert, Geppert & Victery, of Teague, for appellee.

HICKMAN, Chief Justice.

The appeal is from an order overruling a plea of privilege. Upon a former appeal the cause was dismissed because of the failure of the clerk of the lower court to enter the decree in the minutes of the court before the adjournment of the term. See 68 S.W.(2d) 533. Thereafter judgment nunc pro tunc was properly entered, from which this appeal was prosecuted to the Court of Civil Appeals at Waco, and later transferred to this court.

Appellee sued appellant for actual and exemplary damages for the conversion of an automobile, alleging that same was converted in Freestone county. A plea of privilege in statutory form was timely filed. The ground relied upon in the controverting plea for maintaining venue in Freestone county was exception 9 of the venue statute, article

1995 providing among other things that a suit based upon a trespass may be brought in the county where such trespass was committed. The contention of appellant is that the appellee failed to establish upon the hearing of the privilege matter that he committed a trespass in Freestone county.

■ We regard it as settled that the conversion of personal property amounts to a "trespass" within the meaning of that term as used in the exceptional venue provision relied upon. Bowers v. Bryant-Link Co. (Tex. Com. App.) 15 S.W.(2d) 598; Palmer v. Pinkston (Tex. Civ. App.) 282 S. W. 668; Bramblett v. Roby State Bank (Tex. Civ. App.) 67 S.W.(2d) 450.

The facts established upon the hearing may be summarized as follows: The appellant was engaged in the secondhand automobile business in Dallas. On March 17, 1933, he sold the appellee a Ford automobile, taking in payment, or part payment, therefor a note executed by the appellee as principal and one John Leonard as surety for the sum of $194.50. The note was payable in installments of $8, payable biweekly. At the same time appellee executed to appellant, as security for said note, a chattel mortgage upon the automobile. This mortgage contained the following provision: "If default is made in payment, partial or whole, or if any time holder hereof deems debt insecure, or if said chattels be moved from said county without the written consent of the holder hereof, or secreted or seized by process of law, or abused or misused, sold or further mortgaged, this obligation shall be at once due and payable, and said holder may, without demand, or performance remove, take possession of and sell said chattels at public auction or private sale without notice at any place where found and credit proceeds on this obligation, less expense of seizing, and less reasonable expense incurred in repairing and reconditioning the said property."

On August 18th thereafter, appellant employed one Charles Daugherty of Dallas to repossess the car for him. Daugherty's business was to repossess cars for any one desiring to employ him. Daugherty went to Freestone county and together with Raymond Davis, the constable at Teague, repossessed the car for appellant. It was returned to Dallas and later sold.

■ It is the contention of appellant that he had the right, under the terms of the mortgage above quoted, to take possession

of the property, and that, having such right, he could not be guilty of any trespass or conversion in the peaceable exercise of such right. We agree with the proposition of law that where, by the terms of the mortgage, the right to repossess is granted the mortgagee upon certain contingencies, and the contingencies have been fulfilled, it is not a trespass or conversion peaceably to exercise that right. Singer Sewing Machine Co. v. Rios, 96 Tex. 174, 71 S. W. 275, 60 L. R. A. 143, 97 Am. St. Rep. 901; Phœnix Fur. Co. v. McCracken (Tex. Civ. App.) 3 S.W.(2d) 545, and authorities therein cited. Appellee does not question this rule of law, but does question that any contingency was fulfilled which warranted appellant in repossessing the car.

■ An examination of the facts reveals that they well support the following conclusions: (1) That appellee was not in default in his payments at the time the car was taken from him; (2) there was no testimony that appellant deemed his debt insecure, and no facts offered in evidence that would reasonably justify a feeling of insecurity; (3) the automobile was moved from Dallas county without the written consent of appellant, but he had full knowledge of that fact, received and accepted payments mailed to him from outside the county, and himself testified that "everybody drives their car outside of the county"; and (4) there was no evidence that the car was secreted or seized by process of law, abused or mistreated, sold or further mortgaged. In view of the future trial of this case upon its merits, we shall not discuss this evidence in detail. The trial court did not err in holding that appellant had no right, under the facts, to repossess this car, and that he, through his representatives, converted same in Freestone county.

■■ Another contention is that, if the car was converted, George S. Thomas and not appellant is the responsible party. Appellant testified that after he had employed Charles Daugherty to repossess the car, he sold the note to Thomas for $90 in cash, and Thomas corroborated this statement. They testified that Thomas was engaged in repairing and painting automobiles, and that his place of business was in the back of Frankfurt's. The note was not indorsed by appellant to Thomas and no check was given therefor, the testimony being that cash was paid. Thomas had never theretofore purchased any note from Frankfurt. After the car was repossessed, it was returned to Frankfurt's place of business. Later appellee and his witness Blackman called upon appellant to try to regain possession of the car and observed that it was still in appellant's building. The constable Davis, who, with Daugherty, repossessed the car, testified that he did so on orders from appellant, and that, after repossessing it, he called appellant over the telephone and was instructed by him not to accept any additional payments from appellee, but to have Daugherty bring the car to Dallas. Under these circumstances the trial judge was well justified in rejecting the testimony of appellant and Thomas that the latter had purchased the note. Further, the evidence of Daugherty and the constable Davis would justify the conclusion that appellant was guilty of conversion irrespective of whether he sold the note after employing Daugherty. He instigated the proceeding and directed it to the last.

The judgment of the trial court overruling the plea of privilege was well warranted by the evidence, and same will, therefore, be affirmed.