L. J. Wardlaw and Roy A. Scott, both of Fort Worth, for appellant.

Harry B. Barnhart, of Dallas, for appellees.

### LUCAS v. WOOLDRIDGE et al.

### No. 12096.

Court of Civil Appeals of Texas. Dallas.

Feb. 13, 1937.

LOONEY, Justice.

R. C. Wooldridge, an unsecured creditor of S. P. Drilling Company (Inc.), brought this suit against it to recover the sum of $670 back salary for services rendered as assistant superintendent, alleging that the company was indebted to other of its employees, and also to J. E. Lucas in excess of $9,000, evidenced by notes secured by a chattel mortgage lien on all the company's properties; that Lucas had made demand on the company for payment of the overdue portion of the indebtedness; that the company failed and refused to comply with the demand, and being unable to pay its debts was in a state of insolvency; that Lucas was threatening to foreclose his lien upon these properties (being machinery, tools, etc., used in pulling and salvaging pipes and casing from oil and gas wells), and sequester or otherwise impound same, which, if done, would incapacitate the company from further operations. Plaintiff prayed for the immediate appointment ex parte of a receiver to take possession of the properties and operate the business of the corporation.

On a hearing ex parte, the court appointed R. E. Thompson receiver, who qualified and took possession and was operating the business of the company, using

the mortgaged properties, when J. E. Lucas was granted leave to intervene. In his petition of intervention, Lucas made the company and the receiver defendants, sought therein judgment against the company for the amount of his debt, interest, and attorney's fee (over $9,000), together with foreclosure of the chattel mortgage lien on the machinery, tools, etc., belonging to the company; also filed the necessary affidavit and bond (approved by the clerk) for the issuance of a writ of sequestration for the seizure of the mortgaged properties; and, in his pleading, requested the court for permission to have the properties seized under the writ of sequestration, pending trial of the cause.

Both Wooldridge, the plaintiff, and R. E. Thompson, the receiver, demurred to this plea or motion of Lucas, on the ground that said properties were in custodia legis, then being used and operated by the receiver under orders of court, and further that a substantial equity existed in the properties over and above the amount of the debt claimed by Lucas.

The court sustained the demurrers and denied Lucas' request for permission to sequestrate the properties; to which action he excepted, and from which he appealed and has assigned error.

We think the court erred in appointing the receiver at the suit of Wooldridge, an unsecured creditor [see authorities cited in Rex Refining Co. v. Morris (Tex.Civ.App.) 72 S.W.(2d) 687, 690]; but no appeal having been prosecuted from that order, and, so far as the record discloses, no motion having been made to vacate the receivership, the action of the court in the respects mentioned will be treated as valid.

That Lucas had the legal right to prosecute to judgment his action for debt and foreclosure, and, in the meantime, to conserve the properties through means of sequestration proceedings, we have no doubt. This remedy he had against the company, and Thompson, its receiver, cannot claim a superior right to the properties. The appointing court was without authority to deprive Lucas of the protection afforded by sequestration, thus permitting the receiver to possess and use the mortgaged properties to the detriment of the creditor, hence we think the court erred in refusing Lucas permission to sequestrate the properties. See Clow Gasteam Heating Co. v. Hixson (Tex.Civ.App.) 67 S.W.(2d) 619;

Scarborough v. Connell (Tex.Civ.App.) 84 S.W.(2d) 734, 736; Lincoln Nat. Life Ins. Co. v. Freudenstein (Tex.Civ.App.) 87 S.W.(2d) 810, 812.

While the court erred in the respects just mentioned, we are without jurisdiction to revise its action on an attempted appeal, obviously from an interlocutory order. Appeals are permitted only from final judgments, except where the right to appeal from an interlocutory judgment is specifically given by statute. Article 2249, R.C.S., as amended by Acts 1927, c. 52, § 1 (Vernon's Ann.Civ.St. art. 2249); 3 Tex.Jur. pp. 125-127, §§ 61, 62.

As we are without jurisdiction, the appeal is dismissed, but without prejudice to the right of Lucas to either renew the request for permission to sequestrate the properties, move for dissolution of the receivership, or prosecute to final judgment the issues presented in his plea of intervention.

Appeal dismissed, without prejudice.