**BOWERS v. GROUND.**

**No. 1773.**

Court of Civil Appeals of Texas. Eastland.

March 25, 1938.

Rehearing Denied April 29, 1938.

Smith & Eplen, of Abilene, for appellant.

Scarborough & Ely, of Abilene, for appellee.

GRISSOM, Justice.

Ground borrowed $244.44 from Bowers. Ground executed a note for said amount, payable in twelve monthly installments, "with interest from maturity at the rate of ten per cent. per annum, payable monthly on the unpaid balance of principal as it accrues," to Bowers. The note also contained the following provision:

"Failure to pay any installment of this note when due shall without notice to the makers * * * and without any election on the part of the holder, mature the whole amount remaining unpaid and the same shall be immediately due and payable. * * *"

Payment of the note was secured by a mortgage on Ground's automobile. The mortgage provided:

"In case default be made in the payment of said debt, or interest, or any installment of said note * * * the whole amount herein secured, remaining unpaid, shall at once become due and payable, and said mortgagee, may, without notice, foreclose this mortgage by action or otherwise, and said mortgagee is hereby authorized to enter upon the premises where said goods and chattels may be and remove and sell

the same and all equity of redemption of the mortgagor therein, either at public auction at the court house door * * *, or elsewhere, or by private sale, without notice, for cash or on credit at Abilene, Texas, or elsewhere, without demand for performance, and out of the proceeds of said sale pay the cost of foreclosing this mortgage * * * and apply the residue thereof, toward the payment of said indebtedness or any part thereof in such manner as said Mortgagee may elect, rendering the surplus, if any, unto the said Mortgagor, his executors, administrators and assigns upon demand."

It was contended by Ground that, after he had failed to pay two installments of said note when they became due, he had a verbal agreement with Bowers to the effect that Bowers would store the automobile for ten days; that Ground within ten days would pay to Bowers the two past-due installments and a third installment which would not then be due; that upon such payment Bowers would surrender the automobile to Ground. Bowers took the automobile and before the expiration of the ten-day period sold it. Ground sued Bowers for conversion.

The cause was submitted to the jury and it found that the verbal agreement was made as asserted by Ground; that the automobile at the time and place it was sold by Bowers was of the value of $278.25; that Bowers did not take possession of the car and sell it under the terms of the chattel mortgage; that in disposing of the car Bowers acted willfully and with malice. Exemplary damages were awarded in the sum of $113.66.

▆ Upon the findings of the jury, judgment was rendered for plaintiff, Ground, against the defendant, Bowers, for the aggregate of such sums, less the amount of plaintiff's debt. Bowers has appealed.

There was no consideration supporting the verbal agreement alleged by Ground and found by the jury. There was therefore no basis for a judgment for conversion. By virtue of the provision of the note and mortgage, upon Ground's failure to pay the installments when due, all the installments thereupon immediately became due. There was then no installment which could be paid

before maturity. All installments bore interest from maturity until paid at the rate of 10 per cent. per annum.

Immediately upon default in the payment of an installment, by virtue of the contract evidenced by the note and mortgage, the defendant, Bowers, had the legal right to do what he did. Singer Sewing Mach. Co. v. Rios, 96 Tex. 174, 71 S.W. 275, 60 L.R.A. 143, 97 Am.St.Rep. 901; Phœnix Furniture Co. v. McCracken, Tex.Civ.App., 3 S.W.2d 545; Foster v. Spencer, Tex.Civ.App., 47 S.W.2d 492, 494; 10 Tex.Jur. 112–114; Frankfurt v. Grayson, Tex.Civ.App., 80 S.W.2d 486, 488.

Plaintiff cites the case of R-F Finance Corp. v. Jones, Tex.Civ.App., 50 S.W.2d 475. In that case the mortgagee was paid, or promised, a valuable consideration for his promise to delay sale of the mortgaged property, to wit, $5, and the storage charges. This was something the mortgagee was not entitled to under the terms of his note and mortgage. In the instant case the verbal agreement asserted by Ground gave Bowers nothing that he was not already entitled to under the provisions of the note and mortgage.

▆ If the automobile sold for enough to discharge the debt and pay the lawful expenses contracted for in the mortgage, if any, and have a balance remaining, the plaintiff is entitled upon demand to recover such surplus from the defendant. No such situation is shown. If shown, it would not support the cause of action alleged, that is conversion of the automobile.

▆ Plaintiff having failed to show facts amounting to a conversion, the court should have instructed a verdict for the defendant. The provisions of the note and mortgage and the plaintiff's admission of default show not merely a failure to establish a conversion, but that plaintiff does not have such a cause of action. It, therefore, becomes our duty to reverse the judgment of the trial court and render judgment that plaintiff take nothing. Williamson v. Patterson, Tex.Civ.App., 106 S.W.2d 753, 756. It is so ordered.

Reversed and rendered.