Byron P. FORNEY, d/b/a Forney Construction Co., Appellant,

v.

COMMERCIAL CREDIT EQUIPMENT CORP., Appellee.

No. 6917.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 7, 1967.

Rehearing Denied Oct. 4, 1967.

Lockett, Embry, Sharp & Roberts, Houston, for appellant.

Painter & Painter, Houston, for appellee.

PARKER, Justice.

Byron P. Forney, hereinafter called plaintiff, sued Commercial Credit Equipment Corporation, hereinafter called defendant, to recover the market value of a 1962 Ford tractor and forklift, alleging conversion. At the conclusion of plaintiff's case, defendant's motion for instructed verdict was denied. Issues submitted to the jury were favorable to plaintiff. Defendant's motion for judgment non obstante veredicto was granted with judgment that plaintiff take nothing. Plaintiff's motion for judgment upon the jury verdict was overruled.

On August 8, 1962 plaintiff purchased this equipment from Oil City Tractors, Inc., for which he executed a purchase money note for part payment in the amount of $6,161.40, payable in 36 successive monthly payments of $171.30 each with the first payment due on October 1, 1962. This note and chattel mortgage was assigned by seller to defendant. The note and chattel mortgage contained the following provisions:

"Time is of the essence of this contract. If Buyer defaults in complying with any of the terms and conditions hereof * * *, the full amount then unpaid hereunder shall become immediately due and payable without notice, and Seller or his assignee or its agent or any sheriff or other officer of the law may either, (1) collect the same by suit or otherwise, or (2) retake possession of said property

with or without process of law and for this purpose may enter any premises where said property may be found and remove same and sell said property either at public or private sale, without notice to Buyer * * *."

In the assignment from Oil City Tractors, Inc. to defendant it is stated:

"For value received, we hereby sell, assign and transfer to Commercial Credit Equipment Corp., herein called "CCEC", its successors and assigns, the within contract, and all of our right, title and interest in and to the property therein described, and all rights and remedies thereto, including the right to collect all instalments due thereon and the right either in our or CCEC's name, to take all such proceedings, legal or otherwise, as we might have taken, save for this assignment. We warrant that the contract is genuine, enforceable, and the only contract executed for the property described therein; that all statements therein contained are true, and that the property was delivered to and accepted by buyer. In event of breach of any of these warranties, we will purchase said contract from CCEC immediately upon demand, and will pay CCEC therefor an amount equal to the unpaid balance owing thereon, plus any costs or expenses incurred by CCEC in connection therewith.

"If CCEC should repossess or come into the possession of any property described in said contract, we will purchase such property immediately upon demand in its then condition and location, and will pay CCEC therefor the unpaid balance owing on said contract, or that portion of the unpaid balance owing on said contract applicable to such property, plus any costs or expenses, including attorney's fees, incurred by CCEC in connection therewith. If we fail or refuse to purchase said property, then CCEC may sell the same at public or private sale, with or without notice to us, and we will pay CCEC the difference between the net amount real-ized from such sale and the purchase price provided for above. We agree that CCEC may audit our books and records relating to contracts sold to CCEC and that CCEC may, without notice to us and without releasing our liability hereunder, grant extensions of time of payment of said contract and release any rights thereunder, and we waive presentment and demand for payment, protest or notice of protest. We shall have no authority without CCEC's prior written consent to accept collections, repossess or consent to the return of said property, or modify the terms of said contract.

"All payments by dealer, seller, or assignor to CCEC provided for in the said agreements between CCEC and us, the foregoing purchase agreement, or this assignment shall be made at the office of CCEC in Houston, Harris County, Texas."

Plaintiff was delinquent on his payments of March 1, April 1, and May 1st, 1965. On May 21st, 1965 the equipment was repossessed by defendant and placed in possession of Cook Equipment Co. Plaintiff was notified and knew such action would be taken unless he put the account in current shape. The June payment also became delinquent. Plaintiff introduced in evidence a letter from defendant stating that it had given him until June 21st "to redeem this equipment". This he did not do. The entire balance of indebtedness on June 21st, 1965 was $1,298.05. This is undisputed.

Plaintiff alleges that on Friday, June 25th, 1965 he mailed a check payable to defendant in the sum of $955.75. This was not cashed. The only mention of tender by plaintiff of the full amount due defendant is in plaintiff's petition. There is no evidence such $1,298.05 was deposited in the registry of the court, that when suit was filed that plaintiff was ready, able and willing to pay such balance of $1,198.05, or that he ever had more than $955.75 to pay defendant on June 25, 1965.

Plaintiff contends the trial court erred in overruling his motion for judgment based upon the jury verdict and entering judgment non obstante veredicto that plaintiff take nothing.

The jury found that defendant took possession of the equipment. This is undisputed. The jury found that on June 25th, 1965 defendant agreed to return to plaintiff the equipment upon plaintiff mailing to defendant his check in the amount of $955.75 which did not mean that plaintiff had to bring $955.75 in cash to defendant's office by June 25, 1965. The check was mailed but not cashed. There is no evidence that defendant ever received "funds from Forney sufficient to pay the balance under the contract of purchase."

The jury found that defendant had not resold the Forney contract before it received funds from Forney sufficient to pay the balance due under the contract of purchase. There is no evidence that plaintiff paid consideration for any extension of time to vary his contractual obligation.

On Monday, June 28, 1965 the check was returned by defendant to plaintiff with letter of that date advising plaintiff that the contract had been re-assigned to the dealer Oil City Tractors, Inc. of Beaumont as provided by the purchase note and agreement.

 There was no consideration supporting the verbal agreement pleaded by plaintiff and found by the jury. There never was a tender by plaintiff to defendant of the full amount owing by plaintiff to defendant. Under the terms of the note and mortgage upon plaintiff's failure to pay the installments when due, all the installments thereupon immediately became due. Upon default in the payment of the installments the defendant had the legal right to do what it did. Bowers v. Ground, 115 S.W.2d 1142 (Tex.Civ.App.1938, n. w. h.) and cases cited on p. 1143; Motor Finance Co. v. Wolff, 387 S.W.2d 129 (Tex.Civ.App.1965, n. w. h.); Baucum v. Great American Ins. Co. of New York, 370 S.W.2d 863 (Tex.1963).

Upon plaintiff's becoming delinquent, defendant legally took possession. Defendant sold, transferred and assigned all its rights to the original seller which it had a right to do. Plaintiff's points of error are overruled.

The judgment of the trial court is affirmed.